480 So.2d 713 (1986)
Robert THOMASON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-695.
District Court of Appeal of Florida, Second District.
January 3, 1986.
*714 James Marion Moorman, Public Defender, and Joseph Eugene Perrin, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant raises two issues on appeal  the voluntariness of his nolo contendere plea and the correctness of his sentencing guidelines scoresheet. We affirm on the first point and reverse on the second.
Defendant was charged in two multicount informations with three counts of aggravated battery, two counts of battery on a law enforcement officer, one count of burglary, and two misdemeanors. Defendant pleaded nolo contendere to all of these charges. On appeal defendant now contends that his plea was not voluntarily and intelligently made. When a defendant seeks appellate review of the voluntariness of his plea, a motion in the trial court to withdraw the plea is a prerequisite to a direct appeal. See Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). Defendant here has made no such motion. Accordingly, we affirm his convictions.
Defendant's second point on appeal concerns the preparation of the sentencing guidelines scoresheet. Defendant was sentenced for, inter alia, three counts of aggravated battery, which was the primary offense at conviction. However, only two of these counts were scored under the category of primary offense, and the third count was placed in the category of additional offenses at conviction. This resulted in a total of 233 points, for a recommended sentence in the seven to nine year range. If all three counts of aggravated battery had been properly scored under the category of primary offense at conviction, the total would have been 222 points with a recommended sentence in the five and one-half to seven year range.
The state argues that the scoring procedure which was used makes more sense than the procedure urged by defendant. However, the scoring procedure that was used is incorrect according to Fla.R.Crim.P. 3.701(d) and the guidelines scoresheets themselves which contain a space for scoring multiple counts of the offense denominated as the primary offense at conviction, which indicates that all counts of that primary offense are to be scored together and that "additional offenses at conviction" means those offenses which are a different crime than the primary offense. It does seem anomalous that a defendant should be punished less severely if he commits the primary offense three times than if he commits two counts of the primary offense and one count of another, equally serious crime, but that is the result dictated by the guidelines. The courts and the other parties should, of course, follow the guidelines and should address any perceived incongruities in the guidelines to the Sentencing Guidelines Commission.
Defendant's convictions are affirmed, and the cause is remanded for resentencing in accordance with this opinion.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.