515 So.2d 1368 (1987)
Verne Albert DONER, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1576.
District Court of Appeal of Florida, Second District.
December 2, 1987.
*1369 James Marion Moorman, Public Defender, and W.H. Pasch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Verne Albert Doner appeals a judgment adjudicating him guilty of three counts of burglary and three counts of grand theft and his sentence of four and one-half years' imprisonment to be followed by five years' probation.
This is a sentencing guidelines case involving alleged errors in the scoresheet. In 1984, the state charged Doner with burglary, grand theft, and dealing in stolen property, violations of sections 810.02, 812.014 and 812.019, Florida Statutes, (1983). In 1986, Doner was charged with two counts of burglary and two counts of grand theft, violations of sections 810.02 and 812.014, Florida Statutes, (1985). The dealing in stolen property charge was eventually nolle prossed. As noted, Doner was adjudicated guilty of the three burglaries and three grand thefts. The court conducted a series of sentencing hearings. Doner's scoresheet, which included both the present and prior offenses, totalled 109 points.
Doner's points on appeal relate only to his sentence. He claims there are several errors in the scoresheet, and he argues that the trial court erred by placing the burden on him to prove such scoresheet errors and certain defects in the presentencing investigation report.
Doner's first complaint concerns the denomination of the two burglaries charged in the 1986 information as the "primary offense at conviction" on the scoresheet. He urges that all three burglary offenses pending for sentencing should have been included under the primary offense category regardless of the dates of the offenses or the fact that there were separate informations. His position on this point is consistent with the provisions set forth in Florida Rule of Criminal Procedure 3.701(d)(3) on "primary offense" and the guidelines scoresheet form which contains a space for scoring multiple counts of the offense designated as the "primary offense at conviction." Fla.R.Crom.P. 3.988. We think this means that all counts of the designated primary offense are to be scored together and that the scoresheet category, "additional offenses at conviction," means offenses different from the primary offense. Thomason v. State, 480 So.2d 713 (Fla. 2d DCA 1986). Doner's scoresheet should be corrected to include his remaining 1984 burglary conviction in the primary offense category. Correction of this error will drop Doner one cell on the guidelines matrix.
Doner's second contention is directed to his 1984 convictions for dealing in stolen property and grand theft. He argues that it is the state's burden to produce corroborating evidence as to scoring both the dealing in stolen property and grand theft for the same property. We disagree. The burden was on Doner to show that the convictions involved the same property. Croft v. State, 513 So.2d 759 (Fla. 2d DCA 1987). Doner not only failed to do this, but he also pled guilty to both charges. The record reflects that neither the convictions nor the sentences were challenged int he trial court.
Doner's third complaint is that the state should have been required to corroborate its position as to scoring points for legal constraint. At Doner's sentencing hearings, he maintained that his parole was revoked in January 1984. Thus, he argues that he was not under legal constraint when he committed the offenses charged in the 1984 and 1986 informations. The state, however, contends that Doner's parole was revoked in March 1985. We think that the burden to determine when Doner's probation was revoked was on the state. See Vandeneynden v. State, 478 So.2d 429 *1370 (Fla. 5th DCA 1985). On remand, the trial court is directed to require the state to present evidence showing that Doner was under legal constraint at the time of the present crimes. If it cannot, then the scoresheet should be corrected by eliminating the ten points for legal constraint. If the ten points are eliminated, Doner's score will drop one cell on the guidelines matrix.
Fourth, Doner argues that the state did not establish that his 1984 Virginia grand larceny offense was a second-degree felony as opposed to a third-degree felony as in Florida. He is correct on this point. On remand, the state should produce evidence concerning the degree of the Virginia conviction. See Vandeneynden, 478 So.2d at 430. If the degree of felony is impossible to determine or is doubtful, then this uncertainty should be resolved in Doner's favor, and the Virginia grand larceny conviction should be scored as a third-degree felony. Fla.R.Crim.P. 3.701(d)(5)(a)(3).
Finally, Doner argues that the trial court erred when it delegated to a probation officer the determination of the amount of restitution he was to pay one of his victims. We agree with Doner. We have repeatedly said that the task of determining the amount of restitution rests solely with the trial court and cannot be delegated. Perry v. State, 513 So.2d 254 (Fla. 2d DCA 1987); Mansell v. State, 498 So.2d 604 (Fla. 2d DCA 1986). On remand, the trial court should determine this amount.
Accordingly, we affirm Doner's convictions, but we vacate his sentence and remand for resentencing in accordance with the directions herein.
DANAHY, C.J., and SCHOONOVER, J., concur.