537 So.2d 207 (1989)
James HUGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0500.
District Court of Appeal of Florida, Fourth District.
January 25, 1989.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
In three separate cases appellant was charged with grand theft. He pled nolo contendere in each case and was placed on two years' community control in each, all three sentences to run concurrently. Affidavits were filed in each case charging violation of his community control, which appellant admitted. The scoresheet prepared reflected a presumptive guidelines sentence range of three and one-half to four and one-half years in prison, and the court sentenced appellant to four and one-half years in prison. Appellant contends that the trial court erred in scoring his guidelines scoresheet.
Florida Rule of Criminal Procedure 3.701 d. 3. provides that the "primary offense" is that which, when scored, recommends the most severe sanction. Since all three cases pending before the court were of the same degree, the sanction would be the same no matter which one was scored as the primary offense. Thus, to calculate the sentences for each case, it was only necessary to compute one of them on a scoresheet as the primary offense. However, the state concedes that the other two offenses of the same degree should have been counted as additional offenses rather than "prior record." Another scoring error involved adding six points for "legal status at time of offense." In fact, the three grand theft offenses were committed prior to appellant's being placed on concurrent community control sentences and, thus, no points for "prior restraint" were appropriate. Be that as it may, it is unnecessary to remand the matter for resentencing because a correction of these errors would not eliminate enough points to take appellant out of the same recommended range. Leopard v. State, 491 So.2d 1284 (Fla. 1st DCA 1986).
Accordingly, the sentences appealed from are affirmed.
ANSTEAD, J., and RIVKIND, LEONARD, Associate Judge, concur.