POLEN, Judge.
Lloyd Campbell appeals his conviction and sentence for two counts of possession of contraband in a state prison in violation of section 944.47(l)(c), Florida Statutes (1989). Count I charged possession of U.S. currency in a denomination greater than $5. Count II alleged possession of U.S. currency in a total amount greater than $30. The facts disclosed that appellant was found in possession of a Japanese 10,-000 Yen note (worth approximately $65 U.S. at the time) and $300 in U.S. currency.
The statute under which appellant was convicted provides:
(l)(a) Except through regular channels as authorized by the officer in charge of the correctional institution, it is unlawful to introduce into or upon the grounds of any state correctional institution, or to take or attempt to take or send or attempt to send therefrom, any of the following articles which are hereby declared to be contraband for the purposes of this section, to-wit:
1. [A]ny currency ... given or transmitted, to any inmate of any state institution.
(c) It is unlawful for any inmate of any state correctional institution or any person while upon the grounds of any state correctional institution to be in actual or constructive possession of any article or thing declared by this section to be contraband, except as authorized by the officer in charge of such correctional institution.
Appellant’s argument is that by charging, convicting and sentencing him for two counts, when there was but a single incident in which he possessed any contraband (regardless of the cumulative value of the money or the fact that there were different currencies), violated the constitutional prohibition against double jeopardy. He relies on our holding in Schmitt v. State, 563 So.2d 1095 (Fla. 4th DCA), juris. accepted, 569 So.2d 444 (Fla.1990), where we held that use of the word “any” in the context of a statute proscribing possession of “any” photographfs] depicting children’s sexual conduct meant that a single offense was committed, regardless of the number of photographs possessed.
We agree with appellant that the same reasoning applies here. Had appellant been found with excess currency at different times, that might form the basis for multiple counts. That is not what occurred in this case. We hold that when there is a single occurrence of possession of excess currency as proscribed by the statute, regardless of the amount involved, it is but one offense. Accordingly, we reverse and remand with directions to the trial court to dismiss one of the two counts, and vacate the sentence entered thereon.
Our disposition of point I on appeal renders consideration of point II moot.
REVERSED and REMANDED.
HERSEY and ANSTEAD, JJ., concur.