736 So.2d 94 (1999)
Nelson AUTREY, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1251.
District Court of Appeal of Florida, Fourth District.
June 9, 1999.
Nelson Autrey, Belle Glade, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Elaine L. Thompson, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Nelson Autrey, seeks review of the trial court's order that denied his Rule 3.800 motion wherein he alleged that his sentence is illegal because he did not receive jail credit of 55 days for the time he served before his first violation of probation. As appellant's motion was properly sworn, and timely, we consider it as having been filed in accordance with Rule 3.850, which as the supreme court stated in State v. Mancino, 714 So.2d 429, 431 (Fla.1998), is the "best procedure for a prisoner to resolve jail credit issues."
As the plea colloquy attached to the lower court's order does not establish a "specific and voluntary waiver" of the 55 days at issue, appellant appears to be entitled to that time. See, e.g., Daily v. State, ___ So.2d ___, 1999 WL 212859 (Fla. 4th DCA Apr.7, 1999) (citing Silverstein v. State, 654 So.2d 1040, 1041 (Fla. 4th DCA 1995)); see also Henderson v. State, 720 So.2d 1121 (Fla. 4th DCA 1998).
Accordingly, we reverse and remand for the trial court to either attach additional exhibits to refute appellant's claim, or to conduct an evidentiary hearing to determine if appellant waived the 55 days.
POLEN, STEVENSON and GROSS, JJ., concur.