736 So.2d 94 (1999)
STATE of Florida, Appellant,
v.
Thomas PARRELLA, Appellee.
No. 98-0831.
District Court of Appeal of Florida, Fourth District.
June 9, 1999.
*95 Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, West Palm Beach, for appellant.
Russell L. Cormican of Norman Elliott Kent, P.A., Fort Lauderdale, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
During an investigation into child pornography, two undercover detectives went to the home of Thomas Parrella pretending to be interested in buying videotapes of child pornography. Parrella showed the detectives portions of four different videotapes depicting sexual acts involving children. As a result, Parrella was charged with four counts of violation of section 827.071(4), Florida Statutes (1997)[1]. The state appeals from an order granting Parrella's motion to dismiss counts II, III, and IV. We affirm.
The determination of the allowable units of prosecution under a statute proscribing conduct necessarily involves a question of legislative intent. As a means of discerning legislative intent as to the unit of prosecution, where the offender possessed multiple articles of the same type of contraband, the courts have focused on whether the legislature used the word "any" or the word "a" in describing the contraband. If the latter, the courts have discerned a legislative intent that each item of contraband be the basis for a separate unit of prosecution. If the former, the courts have discerned a legislative intent that all of the contraband be viewed in the episodic sense with only a single unit of prosecution intended. See, e.g., State v. Watts, 462 So.2d 813 (Fla. 1985) (defendant could be charged with only one count of possession of contraband in a correctional institution where prohibited article was described as "any ... weapon"); Grappin v. State, 450 So.2d 480 (Fla. 1984) ("unlawful taking of two or more firearms during the same criminal episode is subject to separate prosecution and punishment" because the statute modifies the term "firearm" with the article "a" denoting legislative intent to "make each firearm a separate unit of prosecution"); Campbell v. State, 586 So.2d 84 (Fla. 4th DCA 1991) ("when there is a single occurrence of possession of excess currency as proscribed by the statute, regardless of the amount of money involved, it is but one offense"); Schmitt v. State, 563 So.2d 1095 (Fla. 4th DCA 1990), approved in part, quashed in part, 590 So.2d 404 (Fla.1991), *96 certiorari denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992) (in section 827.071(5), Florida Statutes (1987), making it a crime to possess child pornography, the legislature, by the use of the word "any" to describe the proscribed items, evinced its intention that possession of several photographs depicting child pornography be treated as a single offense).[2] Resort to the "a/any" dichotomy as a means of discerning legislative intent of the unit of prosecution has not been limited to cases involving possession of multiple articles of the same type of contraband. See, e.g., Wallace v. State, 724 So.2d 1176 (Fla. 1998) (defendant resisting two officers in one episode subject to single unit of prosecution under Section 843.01 which prohibits resisting "any" officer).
We affirm the trial court's dismissal of Counts II, III, and IV of the amended information on the authority of the above cited cases.
AFFIRMED.
DELL and STEVENSON, JJ., concur.
NOTES
[1] (4) It is unlawful for any person to possess with the intent to promote any photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, includes any sexual conduct by a child ... Whoever violates this subsection is guilty of a felony of the second degree.

(Emphasis supplied). § 827.071(4), Fla. Stat. (1997).
[2] Section 827.071(5) was amended in 1992, the amendment changing the article "any" to "a," and adding a sentence making the possession of each photograph, motion picture, exhibition, show, representation, or presentation a separate offense. Appellee's argument, that the legislature's failure to similarly amend section 827.071(4) evinces an intent to preclude multiple units of prosecution for violations of subsection (4) in the same criminal episode, though noted, is not the basis of our holding.