751 So.2d 669 (2000)
Jim Lee WADE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-00180.
District Court of Appeal of Florida, Second District.
January 12, 2000.
*670 Lynn A. Williams, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Chief Judge.
Jim Wade appeals from his judgment and sentence for three counts of possession of child pornography with intent to promote and fifty-four counts of possession of child pornography. We reverse two of the convictions for possession of child pornography with intent to promote, affirm the remaining convictions, and remand for resentencing.
As the result of undercover operations by United States Customs agents, Polk County Sheriff's officers arrested Wade when he accepted delivery of three child pornography videotapes he had ordered on the Internet from the undercover agents. Wade was arrested at a Days Inn where he resided and was the general manager. Wade consented to a search of his two connecting rooms. The officers found the three videotapes that had just been delivered, a computer with America Online service, and printed reproductions of computer files showing children involved in sexual conduct. After obtaining a search warrant, a computer expert with the Florida Department of Law Enforcement searched the computer hard drive and found files containing images of children involved in sexual conduct.
The State charged Wade in counts one through three with possession of child pornography with intent to promote, pursuant to section 827.071(4), Florida Statutes (1995). Count one was based on six printed reproductions of a single computer graphic file and a print which law enforcement produced from the computer file. Four of the reproductions were found on the nightstand and two were found on the entertainment center in Wade's rooms. Count two was based on three reproductions of the same image. One was found in the nightstand drawer, one was found on top of the entertainment center, and one was printed by law enforcement from a computer graphic file. Count three was based on four images of the same photo law enforcement retrieved and printed from the computer hard drive files. In counts four through fifty-seven, the State charged Wade with possession of child pornography, pursuant to section 827.071(5), Florida Statutes (1995). These possession charges were based on Wade's computer hard drive files and the three videotapes.
The jury found Wade guilty as charged on all counts. On counts one through three, the trial court sentenced Wade as a habitual offender to concurrent terms of twenty years in prison, to be followed by ten years' probation. On counts four through fifty-seven, the trial court sentenced Wade as a habitual offender to concurrent terms of ten years in prison, also concurrent with counts one through three.
First, we reject Wade's argument that the prosecutor should have charged him on the counts relating to the computer hard drive files under section 847.0135, Florida Statutes (1995), which specifically deals with computers and child pornography, rather than under section 827.071, Florida Statutes (1995), which prohibits child pornography in general. As the State argues, the prosecutor had the discretion to determine under which statute *671 to charge Wade. See State v. Cogswell, 521 So.2d 1081 (Fla.1988). Thus, the trial court correctly denied Wade's motion for judgment of acquittal on this ground.
Wade also contends that the trial court should not have adjudicated him guilty of more than one count of possession of child pornography with intent to promote. Section 827.071(4), Florida Statutes (1995), provides the following:
It is unlawful for any person to possess with the intent to promote any photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, includes any sexual conduct by a child. The possession of three or more copies of such photograph, motion picture, representation, or presentation is prima facie evidence of an intent to promote. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Relying on State v. Parrella, 736 So.2d 94 (Fla. 4th DCA 1999), Wade argues that in using the modifier "any" rather than "a" before the terms "photograph, motion picture, exhibition, show, representation, or other presentation," the legislature intended to punish as a single crime any possession of these items, regardless of the number of items possessed during the episode. Parrella was charged with four counts of possession of child pornography with intent to promote for showing portions of four different videotapes to undercover detectives on one occasion. The Fourth District affirmed the dismissal of three of the four counts and held that the legislature's use of the modifier "any" in section 827.071(4) showed an intent "that all of the contraband be viewed in the episodic sense with only a single unit of prosecution intended." Id. at 95. See also Wallace v. State, 724 So.2d 1176 (Fla.1998) (holding that section 843.01, Florida Statutes (1993), which prohibits resisting "any officer," allowed only one conviction when the defendant resisted two officers in a single incident).
The State suggests that the Parrella decision is incorrect and points to the portion of section 827.071(4) which provides, "The possession of three or more copies of such photograph, motion picture, representation, or presentation is prima facie evidence of an intent to promote." The State contends that this language evinces an intent to prosecute for each set of different photos. We read this language to provide only for a presumption of the defendant's intent to promote when the defendant possesses three or more copies. For example, in Parrella, a presumption of intent to promote was unnecessary because the detectives actually caught Parrella trying to sell four different videotapes. Here, the multiple copies of three different photos provide prima facie evidence that Wade intended to promote these photos. Law enforcement found all the photos, however, during one search of Wade's connecting rooms at the Days Inn. This is one episode and, under Parrella, allows for only one conviction. Therefore, we direct the trial court to vacate two of Wade's convictions for possession of child pornography with intent to promote and to resentence Wade on the remaining convictions.
Affirmed in part, reversed in part and remanded.
PARKER and STRINGER, JJ., Concur.