755 So.2d 736 (2000)
Donovan STEWART, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D99-2180, 4D99-2181.
District Court of Appeal of Florida, Fourth District.
March 28, 2000.
Richard L. Jorandby, Public Defender, and Bernard S. Fernandez, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Defendant appeals the revocation of his probation and resulting sentence. Because he has already served the statutory maximum, we reverse and direct Defendant's immediate release.
On May 5, 1992, Defendant was charged with possession of cannabis, a third degree felony, punishable by a statutory maximum of five years. See §§ 775.082(3)(d), 893.03(1)(c), 893.13(1)(f), Fla. Stat. (1991). Defendant pled guilty, and the trial court withheld adjudication and imposed a sentence of eighteen months of probation. Thereafter, Defendant violated his probation four times, and the trial court revoked his probation, imposing new sentences, the last of which was seven years imprisonment. Between the third revocation of probation in 1995 and the fourth revocation in 1999, however, Defendant had served the statutory maximum sentence of five years. Although a trial court currently must impose a recommended guidelines sentence that is greater than the statutory maximum pursuant to section 921.001(5), Florida Statutes, that provision does not apply to offenses committed before 1994. See Mays v. State, 717 So.2d 515, 516 (Fla.1998); Fance v. State, 645 So.2d 188, 188-89 (Fla. 3d DCA 1994). Because Defendant's original substantive offense of possession of cannabis was committed in 1992, Defendant could be sentenced for no longer than the statutory maximum of five years for that offense. Defendant shall be released from custody upon receipt of this opinion, irrespective of any motion for rehearing.
POLEN, FARMER and HAZOURI, JJ., concur.