PER CURIAM.
Karl Crosby challenges his judgment and sentence for possession of child pornography. We find no merit in the arguments Crosby advances on appeal and affirm his judgment and sentence in all respects. However, we write to address the confusion surrounding differences in the statutory provisions proscribing possession of child pornography with intent to promote and simple possession of child pornography, section 827.071(4) and (5), Florida Statutes (1999), respectively.
Crosby was convicted of 68 counts of simple possession of child pornography. One of the arguments Crosby raises on appeal is that it was error to charge and convict him of multiple counts of possession based on several copies of the same photograph or computer image. However, based on the plain language of section 827.071(5) and the history of this statute, we must reject this argument. Subsection (5) expressly states that possession of each article shall constitute a separate offense:
It is unlawful for any person to knowingly possess a photograph, motion picture, exhibition, show, representation, or other presentation, which, in whole or in part, he or she knows to include any sexual conduct by a child. The possession of each such photograph, motion picture, exhibition, show, representation, or presentation is a separate offense. Whoever violates this subsection is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (emphasis added).
§ 827.071(5). Subsection (5) was amended by chapter 92-83 section 1, Laws of Florida, to specifically provide that the possession of each such item be treated as a separate offense. See Ch. 92-83, § 1, at 819, Laws of Fla. (Introduction). Thus, based on the plain language of the statute, as well as the legislative commentary accompanying the amendment, a defendant found in possession of several copies of the same article of child pornography may be tried and convicted upon each article. See also State v. Farnham, 752 So.2d 12 (Fla. 5th DCA 2000) (finding defendant who possessed duplicate copies of computer files depicting children engaged in sexual conduct could be prosecuted for multiple counts in violation of section 827.071(5), Florida Statutes (1997), based on legislature’s use of “a” rather than “any”).
The converse is true under the statutory provision prohibiting possession of child pornography with intent to promote (section 827.071(4)), which provides:
It is unlawful for any person to possess with the intent to promote any photograph, motion picture, exhibition, show, representation or other presentation which, in whole or in part, includes any sexual conduct by a child. The possession of three or more copies of such photograph, motion picture, representation, or presentation is prima facie evidence of an intent to promote. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (emphasis added).
§ 827.071(4). Under this provision, the defendant found in possession of multiple copies of the same article of child pornography, during a single episode, may only be prosecuted for one count of this offense. See Wade v. State, 751 So.2d 669 (Fla. 2d DCA 2000). In Wade, this court acknowledged that pursuant to section 827.071(4), the possession of three or more- copies of the same article in a single episode gives rise to the presumption of intent to. promote the material. We also concluded that subsection (4) allows for only one conviction under such circumstances. We arrived at this conclusion based on the legislature’s use of the modifier “any” rather than “a” before the prohibited items. See id.; Farnham, 752 So.2d 12.
However, based on the plain language of section 827.071(5) and because the legislature expressly intended that possession of each article be treated as a separate offense, Crosby was- properly charged and *586 convicted of multiple counts of possession of child pornography. We, therefore, affirm the judgment and sentence in all respects.
Affirmed.
CAMPBELL, A.C.J., THREADGILL and STRINGER, JJ„ Concur.