BLUE, Acting Chief Judge.
Christian Shawn Nixon argues, and we agree, that the trial court erred in sentencing. Accordingly, we reverse.
Nixon committed numerous offenses in 1992. After revoking his probation, the trial court sentenced Nixon to thirty-five years for each count to run concurrently. The sentences were imposed over defense counsel’s objection; thus, this issue was properly preserved for appeal. For offenses committed prior to 1994, a trial court cannot impose a sentence in excess of the statutory maximum. See Mays v. State, 717 So.2d 515 (Fla.1998). See also Allen v. State, 771 So.2d 1245 (Fla. 2d DCA 2000). Applicable to this case, the *85 statutory máximums are as follows: for a first-degree felony, thirty years, see § 775.082(3)(b), Fla. Stat. (1991); for a second-degree felony, fifteen years, see § 775.082(3)(c); and for a third-degree felony, five years, see § 775.082(3)(d). Because the trial court exceeded the statutory máximums by imposing a thirty-five year sentence on each count, we reverse.
Reversed and remanded for resentenc-ing.
SALCINES and STRINGER, JJ„ concur.