830 So.2d 191 (2002)
Keith PETERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1278.
District Court of Appeal of Florida, Fourth District.
October 30, 2002.
*192 Keith Peters, Cross City, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Karen Finkle, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
This case provides a lesson on how to calculate points for multiple crimes of the same degree under a sentencing guidelines scoresheet. The defendant appeals an order summarily denying his 3.800(a) motion to correct an illegal sentence. We affirm. In doing so, we recede from our prior decision in Huggins v. State, 537 So.2d 207 (Fla. 4th DCA 1989), and adopt the reasoning of the Second District Court of Appeal in Doner v. State, 515 So.2d 1368 (Fla. 2d DCA 1987).
The defendant pled no contest to armed robbery in 1990 and was sentenced to four and a half years in prison. In 1991, he pled no contest in six cases where he was charged with six counts of robbery with a firearm, one count of attempted armed robbery, and two counts of grand theft auto.
He was sentenced to life with a mandatory minimum of three years for two counts of armed robbery with a firearm in case no. 89-2908, fifteen years for attempted armed robbery in case no. 89-2909, ninety-nine years with a three-year mandatory minimum for robbery with a firearm and five years for grand theft auto in case no. 89-2910, ninety-nine years with a three-year minimum mandatory for robbery with a firearm, and five years for grand theft auto in case no. 89-2911, ninety-nine years with a three-year minimum mandatory for robbery with a firearm in case no. 89-2919, and ninety-nine years with a three-year mandatory minimum for robbery with a firearm in case no. 89-3068. His direct appeal resulted in an affirmance.
In his 3.800(a) motion, he alleged numerous errors in the calculation of his scoresheet. We affirm the trial court's order in all respects. We write to address the issue of whether multiple offenses of the same degree should be scored as "primary" or "other" offenses, pursuant to Florida Rule of Criminal Procedure 3.701(d)(3).
The trial court listed each armed robbery charge as a primary offense. Scoring those charges as primary offenses, the defendant scored 143 points for primary offenses and 280 additional points (other offenses, prior record, and victim injury) for a total of 423 points. That score provided a recommended sentencing range of 27-40 years and a permitted range of 22 years to life.
The defendant suggests, however, that this Court's opinion in Huggins dictated a different method of calculation. He argues that only one armed robbery should *193 have been scored as the primary offense and the other five armed robberies should have been scored as "additional offenses at conviction." Under this method, the defendant scored 82 points for the primary offense and 306 additional points (other offenses, prior record, and victim injury) for a total of 388 points, providing a sentencing range of 22-27 years and a permitted range of 17-40 years.
Huggins involved a scoresheet calculation for three grand theft charges after a plea to a violation of community control. This court determined that the sanction would be the same regardless of how the three grand theft charges were scored. In the opinion, this court stated:
Since all three cases pending before the court were of the same degree, the sanction would be the same no matter which one was scored as the primary offense. Thus, to calculate the sentences for each case, it was only necessary to compute one of them on a scoresheet as the primary offense.
Id. at 207.
To the extent Huggins can be read to direct trial courts to list only one of multiple identical offenses as the primary offense, we recede from the language in Huggins. The specific facts in Huggins appear to have dictated the result and accounted for the language from which we now recede. In addition, in Huggins the State conceded that the other two grand theft charges should have been counted as additional offenses and not as "prior record." This too may have accounted for the language employed in Huggins.
We now join in the reasoning articulated by the Second District Court of Appeal in Doner v. State, 515 So.2d 1368 (Fla. 2d DCA 1987), disagreed with for other reasons by Forehand v. State, 524 So.2d 1054 (Fla. 1st DCA 1988); Thomason v. State, 480 So.2d 713 (Fla. 2d DCA 1986).
In Doner, the court held that when a defendant is being sentenced for multiple counts of the same offense, all of the offenses should be scored as primary offenses. Id. at 1369. Accord Jeter v. State, 604 So.2d 1250 (Fla. 1st DCA 1992).
Florida Rule of Criminal Procedure 3.701(d) provides:
(3) "Primary offense" is defined as the offense at conviction that, when scored on the guidelines scoresheet, recommends the most severe sanction. In the case of multiple offenses, the primary offense is determined in the following manner:
(A) A separate guidelines score sheet shall be prepared scoring each offense at conviction as the "primary offense at conviction" with the other offenses at conviction scored as "additional offenses at conviction."
(B) The guidelines scoresheet that recommends the most severe sentence range shall be the score sheet to be utilized by the sentencing judge pursuant to these guidelines.
(4) All other offenses for which the offender is convicted and that are pending before the court for sentencing at the same time shall be scored as additional offenses based on their degree and the number of counts of each.
While the language of the rule could be read to dictate either outcome, it is the grid contained in Florida Rule of Criminal Procedure 3.988(c) and the language of the Sentencing Guidelines Commission Notes regarding the 1988 Amendments that clarifies any ambiguity. The grid clearly anticipated multiple counts of the same offense under "primary offense" as it contains specific points for each of four counts of a primary offense and provides a method for calculating points when the counts exceed four in number. And, the Commission *194 Note states: "In the event of multiple counts of the same distinct offense and degree of felony being scored as primary offense, it shall be scored as additional counts of the primary offense." See Sentencing Guidelines Commission Notes, Fla. R.Crim. P. 3.701(d)(4).
We now hold that multiple counts of an identical charge, which is the primary offense, should be included as additional under primary offenses and not calculated as "additional offenses at conviction."
POLEN, C.J., GUNTHER, STONE, WARNER, FARMER, KLEIN, STEVENSON, SHAHOOD, GROSS, and TAYLOR, JJ., concur.
HAZOURI, J., recused.