PER CURIAM.
Appellant challenges the trial court’s partial denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because appellant’s sentences exceed the statutory máximums for his convictions, we are constrained to reverse.
On November 25, 1992, appellant was convicted of two counts of battery on a law enforcement officer and one count of inciting a riot, and was sentenced as an habitual violent felony offender to consecutive terms of 10 years in prison with concurrent 5-year mandatory mínimums on each count. On direct appeal, we affirmed appellant’s convictions and sentences. Brown v. State., 638 So.2d 939 (Fla. 1st DCA 1994) (table). Appellant subsequently filed a motion for post-conviction relief *96 pursuant to Florida Rule of Criminal Procedure 3.850, alleging that his sentences violated the decision in Hale v. State, 630 So.2d 521 (Fla.1993). The trial court denied relief. On appeal, we held that appellant had stated a facially sufficient claim and remanded to the trial court for further proceedings. Brown v. State, 688 So.2d 976 (Fla. 1st DCA 1997).
On remand, the trial court vacated appellant’s sentences and imposed concurrent terms of 10 years in prison with 5-year mandatory mínimums. Appellant’s written judgment and sentence stated that these were habitual violent felony offender sentences. Appellant then filed the motion which has prompted this appeal, alleging that his sentences are illegal because they do not comport with the trial court’s oral pronouncement and they exceed the statutory máximums for his convictions. The trial court agreed that appellant had not been orally pronounced an habitual violent felony offender at the resentencing, and struck the habitual violent felony offender designations and the 5-year minimum mandatory terms from the judgments and sentences. However, the trial court concluded that appellant’s sentences were not illegal because they were within the permitted sentencing range. Appellant now challenges the trial court’s denial of his claim that his sentences are illegal because they exceed the statutory máximums for his convictions.
Appellant was convicted of three third-degree felonies, each of which is punishable by up to 5-years in prison. §§ 784.07(2)(b), 870.01, 775.082(3)(d), Fla. Stat. (1991). Appellant’s recommended sentencing range was 12 to 17 years in prison, and his permitted sentencing range was 9 to 22 years in prison. The 10-year sentences are within the guidelines range. However, appellant committed his crimes in 1992, when the sentencing guidelines did not authorize trial courts to impose a sentence that exceeded the statutory maximum, even if it was within the guidelines sentencing range. See § 921.001(5), Fla. Stat. (1991) (“Sentences imposed by trial court judges must be in all cases within any relevant minimum and maximum sentence limitations provided by statute and must conform to all other statutory provisions”); Mays v. State, 717 So.2d 515, 516 (Fla.1998); Stewart v. State, 755 So.2d 736 (Fla. 4th DCA 2000). Thus, the maximum sentence appellant could receive on each count is 5-years.
Accordingly, we reverse the trial court’s denial of appellant’s claim that his sentences are illegal because they exceed the statutory máximums for his offenses, and we remand for resentencing. On remand, the trial court must impose a combination of sentences which will come as close as possible to the guidelines range. See Branam v. State, 554 So.2d 512 (Fla.1990); Holmes v. State, 653 So.2d 464 (Fla. 1st DCA 1995). However, because of double jeopardy concerns, the combination of sentences imposed may not exceed 10 years. See, e.g., Everett v. State, 824 So.2d 211 (Fla. 1st DCA 2002). Thus, because the low end of appellant’s permitted guidelines range is 9 years, the trial court must sentence appellant to a total of between 9 and 10 years in prison, by making at least one of the sentences consecutive. Bra-nam; Holmes.
REVERSED and REMANDED, with directions.
ALLEN, WEBSTER and BENTON, JJ., concur.