PER CURIAM.
On appeal, Robert Henry Martin alleges errors in the calculation of his sentence. He also argues that the trial court erred in denying his motion to vacate his guilty plea. Because we find that the trial court erred in calculating Martin’s sentence in regard to the scoring of his primary offense, we reverse and remand. We affirm on all other issues.
Martin pleaded guilty to six counts relating to events that occurred on May 11, *1257 1997. Counts one through five were for the attempted second degree murder of a law enforcement officer with a firearm. The sixth count was for discharging a machine gun. The trial court entered a sentencing order in which it imposed concurrent life sentences on all counts and an eight-year mandatory minimum for possession of a firearm.
Martin then filed his first motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), alleging a Heggs[1] claim. The State conceded that Martin’s sentence was affected by Heggs and the trial court held a new sentencing hearing. After the hearing, the court again imposed concurrent life sentences on all counts and an eight-year mandatory minimum. The scoresheet reflects that this was a guidelines departure sentence. The departure was based on the trial court’s finding that the “[ojffense created substantial risk of death or great bodily harm to many persons or to one or more small children” and the “[ojffense [was] committed in order to prevent or avoid arrest, to impede or prevent prosecution for the conduct underlying the arrest, or to effect an escape from custody.” Martin then filed his notice of appeal as to this sentence with this court.
While the appeal was pending, Martin filed a second motion to correct sentence pursuant to rule 3.800(b)(2), arguing that the scoresheet used to sentence him on the Heggs claim contained errors. The trial court issued a new sentencing order after considering Martin’s motion to correct sentence. Martin was sentenced to six concurrent forty-eight year sentences and an eight-year mandatory minimum. The scoresheet from this sentencing reflects that a guidelines sentence was imposed. However, the trial court indicated at the hearing that the previously announced departure sentence was still in place. After this sentence was entered, Martin filed another motion to correct his sentence pursuant to rule 3.800(b)(2), alleging a calculation error. The trial court entered an agreed order on Martin’s motion to correct his sentence calculation error. The trial court imposed a sentence of five concurrent thirty-nine year sentences and an eight-year mandatory minimum. The only indication in the record is that this was a guidelines sentence.
The State has asserted that any scoresheet errors are harmless because the trial court imposed a departure sentence. Florida courts have recognized that a scoresheet error can be harmless if the trial court would have imposed the same sentence despite the error. Mooney v. State, 864 So.2d 60, 61 (Fla. 4th DCA 2003); Rubin v. State, 734 So.2d 1089, 1090 (Fla. 3d DCA 1999); see also Raley v. State, 675 So.2d 170, 175 (Fla. 5th DCA 1996) (stating that “[a] defendant’s sentence need not be reversed on the claim of a scoresheet error when a valid departure sentence was imposed”). The State’s argument rests on its contention that the trial court imposed a departure sentence. However, the record reveals that the most recent sentencing order imposes a guidelines sentence. Thus, this argument is without merit.
Martin has argued that the trial court incorrectly applied our decision in *1258 Peters v. State, 830 So.2d 191 (Fla. 4th DCA 2002) (en banc), because it scored all five counts for attempted second degree murder of a law enforcement officer with a firearm as primary offenses in calculating Martin’s sentence.- We agree and reverse and remand.
In Peters, this court stated “[w]e now hold that multiple counts of an identical charge, which is the primary offense, should be included as additional under primary offenses and not calculated as ‘additional offenses at conviction.’ ” Id. at 194. However, this holding applies to defendants sentenced under Florida Rule of Criminal Procedure 3.701, not defendants like Martin who were sentenced under Florida Rule of Criminal Procedure 3.702.
In Peters, this court, in determining the issue, first looked at Florida Rule of Criminal Procedure 3.701(d) which provides a definition of “primary offense” and discusses how various offenses should be scored under the guidelines. Id. at 193.
The relevant portion of rule 3.701(d) specifically states:
(3) “Primary offense” is defined as the offense at conviction that, when scored on the guidelines scoresheet, recommends the most severe sanction. In the case of multiple offenses, the primary offense is determined in the following manner:
(A) A separate guidelines scoresheet shall be prepared scoring each offense at conviction as the “primary offense at conviction” with the other offenses at conviction scored as “additional offenses at conviction.”
(B) The guidelines scoresheet that recommends the most severe sentence range shall be the scoresheet to be utilized by the sentencing judge pursuant to these guidelines.
(4) All other offenses for which the offender is convicted and that are pending before the court for sentencing at the same time shall be scored as additional offenses based on their degree and the number of counts of each.
This court found that this language in rule 3.701(d) was ambiguous as to whether additional counts of the same offense should be scored as primary offenses. Id. However, upon an examination of Florida Rule of Criminal Procedure 3.988(c), which provides a grid that is to be applied in conjunction with rule 3.701 and Peters’s specific charge of robbery, and the Sentencing Guidelines Commission Notes regarding the 1988 Amendments, this court found that it was clear that multiple counts were to be charged as primary offenses. Id. This court stated that the grid provided in rule 3.988(c) “clearly anticipated multiple counts of the same offense under ‘primary offense’ as it contains specific points for each of four counts of a primary offense and provides a method for calculating points when the counts exceed four in number.” Id. Furthermore, the Commission Note stated that “ ‘[i]n the event of multiple counts of the same distinct offense and degree of felony being scored as primary offense, it shall be scored as additional counts of the primary offense.’ ” Id. at 194. (quoting Sentencing Guidelines Commission Notes, Fla. R.Crim. P. 3.701(d)(4)). However, unlike the situation in Peters, in this case, the sentencing guidelines under rule 3.701 do not apply.
It is undisputed in this case that Martin is one of those defendants under Heggs who should be sentenced under the 1994 Sentencing Guidelines. Thus, as Martin is to be sentenced under the 1994 guidelines, Florida Rule of Criminal Procedure 3.702, which is specific to the 1994 guidelines, applies.
*1259 Unlike rule 3.701 discussed in Peters, rule 3.702(d)(3) states that a “ ‘[p]rimary offense’ is the offense pending for sentencing that results in the highest number of total sentence points. Only one offense may be scored as the primary offense.” (Emphasis added). The use of the words “one offense” would not appear to include multiple counts of the same offense. See Campbell v. State, 586 So.2d 84, 85 (Fla. 4th DCA 1991) (finding that the defendant should not be charged with two counts of possession of contraband in a state prison based on the possession of excess currency because “when there is a single occurrence of possession of excess currency as proscribed by the state, regardless of the amount involved, it is but one offense”); Waldecker v. State, 707 So.2d 777, 778 (Fla. 2d DCA 1998) (“Waldecker failed to stop at only one accident resulting in injury or death, even though more than one person was injured. This was but one offense; conviction on two counts violates the constitutional prohibition against double jeopardy.”); see also Black’s Law Dictionary 314 (5th ed.1979) (defining a count in part as “[a] separate and independent claim”).
However, even if “one offense” was construed to include multiple counts, this language is at least ambiguous and under the rule of lenity should be construed “most favorably to the accused.” § 775.021(1), Fla. Stat. (1997); see also Lewis v. State, 574 So.2d 245, 246 (Fla. 2d DCA 1991) (applying the rule of lenity to the guidelines in the Florida Rules of Criminal Procedure). Furthermore, the grid and the Commission Note this court relied on in Peters to find that multiple counts should be scored as primary offenses are not applicable to rule 3.702. The form associated with rule 3.702, located in rule 3.990, is unlike the grids in rule 3.988 in that it does not show a calculation method where there are additional counts of a primary offense. In fact, the form applicable to rule 3.702 located in rule 3.990 only has one blank for the primary offense. In addition, the Commission Note mentioned above is not stated in regard to rule 3.702. Thus, Peters does not apply to this situation and only one of Martin’s attempted murder counts should have been scored as a primary offense.
Accordingly, we reverse and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
GUNTHER, STEVENSON and TAYLOR, JJ., concur.

. In Heggs v. State, 759 So.2d 620 (Fla.2000), the Florida Supreme Court found that the 1995 Sentencing Guidelines were unconstitutional as the statute enacting them violated the single subject rule. Id. at 627. Thus, if a defendant whose offense was committed within the Heggs window period is adversely affected by the 1995 amendments made to the sentencing guidelines, he or she can make a Heggs claim and be resentenced under the 1994 guidelines. Id.