LaROSE, Judge.
John David Dennewitz addresses two issues on appeal: (1) the length of his sentence, and (2) the correctness of his sentencing guidelines scoresheet. We reverse on the first point and affirm on the second.
Dennewitz challenges his sentences for two counts of handling and fondling a child under sixteen years of age and one count of a lewd and lascivious act upon a child under the age of sixteen, all second-degree felonies. Dennewitz claims his sentences are illegal because they exceed the statutory maximum sentences. The State agrees.
On October 31, 1994, and pursuant to a plea agreement, Dennewitz was sentenced to two years of community control followed by five years of probation. On April 16, 1996, Dennewitz pleaded guilty to violating a provision of his community control that prohibited contact with a person under age sixteen. The trial court sentenced him to two years of community control followed by five years of probation. On August 29, 1997, he was found to have violated the no-contact provision, again. The trial court revoked his community control and sentenced him to eight years in prison followed by seven years of probation. Upon release from prison, Dennewitz violated the no-contact provision of his probation. The trial court sentenced him on March 25, 2004, to three concurrent terms of eighteen years in prison and five years of sex offender probation.
*478 The then-applicable sentencing guidelines did not authorize imposition of a sentence that exceeded the statutory maximum. See § 921.001(5), Fla. Stat. (1991) (“Sentences imposed by trial court judges must be in all cases within any relevant minimum and maximum sentence limitations provided by statute and must conform to all other statutory provisions.”); Mays v. State, 717 So.2d 515, 516 (Fla.1998); Brown v. State, 866 So.2d 94, 96 (Fla. 1st DCA 2004). The trial court erred in sentencing Dennewitz to more than the statutory fifteen-year maximum for each offense, less any time already served. See § 775.082(3)(c), Fla. Stat. (1992); Nixon v. State, 787 So.2d 84, 84 (Fla. 2d DCA 2001); Brown, 866 So.2d at 96; Stewart v. State, 755 So.2d 736, 736 (Fla. 4th DCA 2000). Accordingly, we reverse Dennewitz’s sentence and remand for resentencing.
Dennewitz also claims his score-sheet is incorrect. He argues that all three of his second-degree felonies should have been scored as primary offenses, resulting in a lower total point score and sentencing range. This argument lacks merit. The trial court correctly scored the two identical offenses in the primary offense category and the third and distinct offense as an additional offense. See Fla. R.Crim. P. 3.701(d)(3), (4); Thomason v. State, 480 So.2d 713, 714 (Fla. 2d DCA 1986); Peters v. State, 830 So.2d 191, 194 (Fla. 4th DCA 2002).
Reversed in part, affirmed in part, and remanded for resentencing.
FULMER and WALLACE, JJ., Concur.