NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STEPHEN J. CHESSER,    )
    )
       Appellant,    )
    )
v.    )    Case No. 2D13-463
    )
STATE OF FLORIDA,    )
    )
       Appellee.    )
_____ )

Opinion filed October 1, 2014.

Appeal from the Circuit Court for
Hillsborough County; Debra K. Behnke,
Judge.

Stephen J. Chesser, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.

Stephen Chesser appeals the denial of his motion for postconviction relief.

We reverse in part.

Chesser entered open guilty pleas to nine counts of possession of photographs depicting sexual conduct by a child with intent to promote, § 827.071(4), Fla. Stat. (2005), and to sixty counts of possession of child pornography, § 827.071(5). The court sentenced him to concurrent terms of fifteen years' imprisonment on counts one through five, concurrent terms of fifteen years' imprisonment on counts six through nine, and concurrent terms of five years' imprisonment on counts ten through sixty. The three blocks of concurrent terms ran consecutively to each other, for a total sentence of thirty-five years' imprisonment. Counts one through nine were the charges of possession with intent to promote, § 827.071(4).

Chesser appealed his convictions, and this court affirmed them. Chesser v. State, 966 So. 2d 393 (Fla. 2d DCA 2007) (table decision). He then filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel. The postconviction court granted an evidentiary hearing on each of the three grounds raised. After the hearing the court denied Chesser's motion in its entirety. We affirm without further comment the court's ruling that counsel was not ineffective in failing to seek a competency examination of Chesser before he entered his pleas. But we reverse the denials of Chesser's other two grounds, which alleged ineffective assistance concerning his convictions and sentences for possession with intent to promote.

Section 827.071(4) provides:

It is unlawful for any person to possess with the intent to promote any photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, includes any sexual conduct by a child. The

2

> possession of three or more copies of such photograph,
> motion picture, representation, or presentation is prima facie
> evidence of an intent to promote. Whoever violates this
> subsection is guilty of a felony of the second degree,
> punishable as provided in s. 775.082, s. 775.083, or s.
> 775.084.

The Fourth District, in State v. Parrella, 736 So. 2d 94 (Fla. 4th DCA 1999), analyzed the language of the above-quoted subsection to determine "the allowable units of prosecution." Id. at 95-96. Parrella had shown undercover officers portions of four different videotapes that depicted children involved in sexual acts. The State had charged four counts of violation of the statute, but the circuit court had dismissed three of them. The district court approved the circuit court's decision.

Examining the language of the subsection to determine the legislative intent, the Parrella court focused on the legislature's use of the phrase "*any* photograph" as opposed to "*a* photograph." When the legislature has employed the word "a," "courts have discerned a legislative intent that each item of contraband be the basis for a separate unit of prosecution." But if, instead, the word "any" is used, as in subsection 827.071(4), "courts have discerned a legislative intent that all of the contraband be viewed in the episodic sense with only a single unit of prosecution intended." Id. at 95. Thus the court held that the four different videotapes Parrella showed the officers could support only one conviction under section 827.071(4).

In Wade v. State, 751 So. 2d 669 (Fla. 2d DCA 2000), this court was presented with the same issue raised in Parrella and reached the same result. Wade was arrested when he accepted delivery of three child pornography videotapes he had purchased from undercover agents. He consented to a search of his rooms and law

3

enforcement discovered three or more printed reproductions of three photographs.[1] Wade was charged with, and a jury convicted him of, three counts of possession with intent to distribute. Wade argued that Parrella supported a conviction for only one section 827.071(4) crime for all the images discovered in the search of his rooms.

The Wade court agreed. It held that the multiple copies of the photographs provided evidence of Wade's intent to promote the photos. But because they were all discovered in one search, there was only one episode of promotion, and therefore only one conviction for a section 827.071(4) crime was permissible. Id. at 671 (citing Parrella). See also Crosby v. State, 757 So. 2d 584 (Fla. 2d DCA 2000) (contrasting the language of section 827.071(5) which made it unlawful to possess *a* pornographic photograph of a child and therefore permitted separate prosecutions for each photograph discovered in a single search with the language in section 827.071(4) making it unlawful to possess *any* such photograph with intent to promote); Hudson v. State, 761 So. 2d 1161 (Fla. 2d DCA 2000) (relying on Wade and reversing forty-eight convictions for possession of child pornography with intent to promote and remanding for resentencing for one conviction).

The testimony at the evidentiary hearing on Chesser's rule 3.850 motion established that law enforcement obtained all of the images supporting the nine charges of possession of child pornography with intent to promote in one search of a shed on his

_____

[1]We recognize that this court's recitation of the facts in the Wade opinion is somewhat unclear concerning whether the reproductions were of the same image or were of different images. Any confusion is, however, dispelled by the court's statement that "[h]ere, the multiple copies of *three different photos* provide prima facie evidence that Wade intended to promote these photos." 751 So. 2d at 671 (emphasis supplied).

parents' property. Chesser's counsel testified at the hearing and the court found that "he did not believe the sentences on the nine counts of possession of photographs depicting sexual conduct by a child with intent to promote were illegal." The postconviction court ruled "based on the fact that there were nine different images and different dates for each of those images, [Chesser] could be legally sentenced on all nine counts." Its ruling was legally incorrect under the holdings of Parella, Wade, and Hudson. The dates that the images were created was not determinative; if law enforcement discovered all the images in one search, they supported only one conviction under section 827.071(4).

Chesser's counsel was unaware that under the facts of the case his client legally could be convicted of only one count of possession of child pornography with intent to promote. As a result, he failed to file a motion to dismiss the other eight charges. This constituted deficient performance that prejudiced his client. See Sochor v. State, 883 So. 2d 766, 771 (Fla. 2004) (citing Strickland v. Washington 466 U.S. 668 (1984)). We reverse the postconviction court's denial of grounds II and III in Chesser's rule 3.850 motion.

When Chesser was sentenced, the court imposed the maximum penalty allowed by law, fifteen years' imprisonment, on each count. See § 827.071(4); 775.082(3)(c). We vacate the convictions for possession with intent to promote charged in counts two through nine. We remand with directions to dismiss those counts, to correct Chesser's written sentence to reflect only one conviction for possession with intent to promote, and to strike the sentence imposed for counts six through nine.

5

Affirmed in part, reversed in part, and remanded with directions.

DAVIS, C.J., and MORRIS, J., Concur.