NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CARL M. COCKING,                      )
                                      )
          Appellant,                  )
                                      )
v.                                    )          Case No. 2D14-2419
                                      )
STATE OF FLORIDA,                     )
                                      )
          Appellee.                   )
_____)

Opinion filed January 14, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Susan Sexton,
Judge.

Carl M. Cocking, pro se.


PER CURIAM.

          Carl M. Cocking appeals the order summarily denying his motion to vacate

his sentence filed under Florida Rule of Criminal Procedure 3.850.  We affirm the denial

of Cocking's claim concerning case number 08-11130 without further comment, but we

reverse the denial of his claim concerning case number 09-13152.

          Over a period of two months, Cocking communicated over the internet

with an undercover detective from the Hillsborough County Sheriff's Office who posed

as a father offering his twelve-year-old daughter for sex.  A meeting between Cocking

and the daughter was arranged, and Cocking was arrested en route to the location. During a forensic examination of Cocking's computer, law enforcement found forty-five images showing children under the age of five being sexually battered. Cocking entered an open plea in case number 09-13152 to forty-five counts of possession of photographs depicting sexual conduct by a child with intent to promote, in violation of section 827.071(4), Florida Statutes (2008). Section 827.071(4) makes it "unlawful for any person to possess with the intent to promote any photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, includes any sexual conduct by a child." The possession of three or more copies of said images is prima facie evidence of an intent to promote. Id. The trial court sentenced Cocking to concurrent terms of thirty years' imprisonment on counts one through twenty to be followed by concurrent terms of twenty-five years' imprisonment on counts twenty-one through forty-five, for a total of fifty-five years' imprisonment. Cocking did not appeal.

In his rule 3.850 motion, Cocking argued that trial counsel was ineffective for failing to move to dismiss all but one of the forty-five counts alleging a violation of section 827.071(4), thereby inducing him to enter a plea to all forty-five counts when the statute only allows for one conviction under the facts of this case. He contended that he was prejudiced by receiving a much harsher sentence than he would have absent the extra forty-four counts. In support of his claim, Cocking cited Wade v. State, 751 So. 2d 669 (Fla. 2d DCA 2000), and State v. Parrella, 736 So. 2d 94 (Fla. 4th DCA 1999). In Parrella, the State appealed the trial court's dismissal of three of the four counts of section 827.071(4) violations with which Parrella was charged. The Fourth District

- 2 -

analyzed the statute to determine the legislature's intent regarding the allowable unit of prosecution. It explained that courts have found that when the legislature uses the word "any" in describing contraband, it intends only a single unit of prosecution for possession of multiple articles of the same type of contraband. 736 So. 2d at 95. Because Parrella showed undercover detectives portions of four different videos of sexual acts involving children during one meeting, the Fourth District affirmed the trial court's dismissal of three of the four counts against him. Id. at 95-96.

This court followed Parrella in Wade. Law enforcement arrested Wade after he accepted delivery of videotapes containing child pornography. Wade consented to a search of his residence, and law enforcement found numerous reproductions of images of children involved in sexual acts. The State charged Wade with three counts of possession of child pornography with intent to promote, and a jury found him guilty as charged on all three counts. On appeal, this court reversed Wade's convictions for two of the three counts because the offending images had been found during one search. 751 So. 2d at 671.

Both Wade and Parella were decided on direct appeals of convictions. Recently, however, this court applied their holdings in the context of a rule 3.850 postconviction proceeding. In Chesser v. State, 39 Fla. L. Weekly D2061 (Fla. 2d DCA Oct. 1, 2014), Chesser entered an open plea and was convicted of nine counts of possession of child pornography with intent to promote. The postconviction court granted Chesser an evidentiary hearing, after which it found that counsel was not ineffective for failing to move to dismiss eight of the nine counts. This court reversed on the authority of Wade, Parrella, and Hudson v. State, 761 So. 2d 1161, 1161 (Fla. 2d

DCA 2000) (reversing and remanding with directions to strike forty-seven out of forty-eight counts of possession of child pornography with intent to promote), and held that because all of the images were found during one search, there was only one episode of promotion.

Cocking has shown that trial counsel's failure to move to dismiss all but one of the forty-five counts of violation of section 827.071(4) and his advice to enter a plea to all forty-five counts constituted deficient performance that prejudiced him. See Strickland v. Washington, 466 U.S. 668 (1984). The State appropriately concedes that Cocking is entitled to vacation of all but one of his convictions. Accordingly, we reverse the postconviction court's order denying Cocking's claim with regard to case number 09-13152. We vacate Cocking's convictions on counts two through forty-five, and we remand with directions for the postconviction court to dismiss those counts, to strike the sentences for those counts, and to correct Cocking's written sentence to reflect one conviction for possession with intent to promote.

Affirmed in part, reversed in part, and remanded.

KELLY, KHOUZAM, and BLACK, JJ., Concur.