ROWE, J.
Appellant, Lee Calvin Pardue, was convicted of two counts of capital- sexual bat *341 tery, one count of lewd and lascivious molestation on a child less than twelve years of age, five counts of promoting sexual performance by a child, and twenty-five counts of possession of photographs including sexual conduct by a child. On appeal, he argues that his convictions for multiple counts of possession of photographs depicting sexual conduct by a child violate the prohibition against double jeopardy because the photographs depicted the same conduct that occurred on the same date. We disagree and affirm Pardue’s convictions and sentences.
' Pardue’s charges for possession of photographs depicting sexual conduct by a child arose from his possession of three series of images.[1] Each series consisted of multiple images taken around the same time, and each series depicted a different child.[2] Detective Alvin Bicason testified that when a series of photographs is taken in rapid succession, some images might appear similar or identical to a layperson. However, he explained that when a photo is taken, it is assigned a “hash value,” which uniquely identifies that photo.[3] Detective Bicason testified that during his forensic examination he verified that each photograph possessed by Pardue had a distinct hash value. During his testimony, the State displayed each of the twenty-five photographs to the jury and specifically noted photos that appeared similar but had different hash values.
Pardue argues that, notwithstanding the distinct hash value of each image, his- multiple convictions for possession of photographs depicting the same conduct occurring on the same date violate the prohibition against double jeopardy. Our review is de novo. State v. Drawdy, 136 So.3d 1209, 1213 (Fla.2014).
“Legislative intent is the polestar that guides our analysis in double jeopardy issues, and there is no clearer signpost of legislative purpose than the official .language of Florida Statutes.” State v. Anderson, 695 So.2d 309, 311 (Fla.1997) (footnote omitted). “When the language of a statute is clear and. unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation to alter the plain meaning.” State v. Cohen, 696 So.2d 435, 438 (Fla. 4th DCA 1997).
The plain language of section 827.071(5)(a), Florida Statutes, demonstrates that the legislature intends to punish the possession of each individual de-' *342 piction of sexual conduct by a child. This section provides:
It is unlawful for any person to knowingly possess, control, or intentionally view a photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation which, in whole or in part, he or she knows to include any sexual conduct by a child. The possession, control, or intentional viewing of each such photograph, motion picture, exhibition, show, image, data, computer depiction, representation, or presentation is a separate offense. If such photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation includes sexual conduct by more than one child, then each such child in each such photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation that is knowingly possessed, controlled, or intentionally viewed is a separate offense. A person who violates this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 827.071(5)(a), Fla. Stat. (2012) (emphasis added). In contrast, section 827.071(4), Florida Statutes (2012), governing possession of child pornography with intent to promote, a second degree felony, has been interpreted to impose only a single punishment for multiple depictions that constitute a single “episode of promotion.” See Cocking v. State, 154 So.3d 1198, 1199 (Fla. 2d DCA 2015); State v. Parella, 736 So.2d 94, 96 (Fla. 4th DCA 1999). However, while section 827.071(4) prohibits possession with intent to promote “any” depiction, section 827.071(5)(a) prohibits “a” depiction and “each” depiction. The use of “any” indicates legislative intent to create a single unit of prosecution; “a” indicates an intent to provide for separate offenses. Parella, 736 So.2d at 95-96.
As the language of the statute clearly indicates, each depiction of a child engaged in sexual conduct is to be punished separately, and even a single image could constitute multiple offenses if it depicts sexual conduct involving more than one child. § 827.071(5)(a), Fla. Stat. (2012). Our supreme court emphasized that the legislature “allows a lesser tolerance for depictions of the sexual exploitation of children,” as it “involves a level of heinousness of the highest magnitude.” Schmitt v. State, 590 So.2d 404, 416 (Fla.1991). In this case, the State presented sufficient evidence to demonstrate the distinctness of each image. Each of the twenty-five images was individually presented to the jury and Detective Bicason testified that each image contained a unique hash value. Because the legislature clearly intended the possession of each depiction of sexual conduct by a child to constitute a separate offense and because the State presented sufficient evidence to demonstrate that each count represented a unique depiction, we AFFIRM Pardue’s convictions and sentences.
LEWIS and OSTERHAUS, JJ., concur.

. We use “photographs” and “images” interchangeably to refer to the digital depictions possessed by Pardue in this case.

. The first series contained nine images depicting sexual conduct by J.P., a child five or six years of áge. J.P.’s mother, Heather Par-due, identified her daughter in the images. She testified that Pardue was her former brother-in-law, and that she had allowed her daughter to spend' the night at Pardue’s home once or twice when J.P. was around five years old.
The second series contained five images of N.R.G. Pardue’s former co-worker, Kaitlyn Seats, identified Pardue and her daughter in the images and testified that Pardue babysat N.R.G. once when she was fourteen months old. Pardue’s former girlfriend, Virginia Wolfe, testified that she was present when Pardue babysat N.R.G. and, at Pardue’s request, took a photograph of sexual conduct. between Pardue and N.R.G. She identified the photo she took.
The third series contained eleven images of a child less than five years of age. Wolfe identified the child as the daughter of a friend of Pardue’s and testified that Pardue babysat the child for a weekend.

.A “hash válue” is an alphanumeric sequence,-sometimes described as a "digital fingerprint” for data (here, the digital images . possessed by Pardue). See, e.g., United States v. Brown, 701 F.3d 120, 128 n. 2 (4th Cir. 2012); United States v. Cartier, 543 F.3d 442, 444 (8th Cir.2008).