PER CURIAM.
Eric J. Powers appeals his convictions for two counts of racketeering, two counts of conspiracy to file a false insurance claim, ten counts of filing a false insurance claim, and one count of grand theft. Of the four issues he raises, we find merit only in his argument regarding a violation of the statute of limitations. Because we agree that counts four, seven, and nine were barred by the statute of limitations, we reverse Powers’ convictions for those counts, but affirm the remaining counts.
In June 1992, the State filed a second amended information in circuit court case number 90-442. Powers moved to dismiss the third-degree felonies covered by a three-year limitations period under section 775.15(2)(b), Florida Statutes (1987). The State conceded that twenty-six of the challenged counts were barred by the statute of limitations; however, it defended the remain *256 ing charges by attempting to relate them back to timely filed charges in the 1991 infor-mations.
An information must show on its face that the prosecution has begun within the statute of limitations or must allege facts to show that the statute was tolled. Sturdivan v. State, 419 So.2d 300, 301-02 (Fla. 1982). When a defendant raises the defense that an offense is barred by the statute of limitations, the State bears the burden of showing that it is not barred. Mead v. State, 101 So.2d 373, 375 (Fla.1958).
The State failed to demonstrate that counts three, ten, fourteen, thirty-three, thirty-five, and thirty-six corresponded to any timely filed charges in the previous informa-tions. Because the State did not carry its burden of showing that these charges were brought within the three-year limitations period, the trial court erred in denying the motion to dismiss these counts. Of these counts in the second amended information, only three are relevant to the final counts of conviction. Counts three, ten, and fourteen correspond to counts four, seven, and nine in the final information.
Accordingly, we reverse the convictions on counts four, seven, and nine, and direct that Powers be discharged. Because Powers’ sentencing scoresheet must be recalculated, we remand for resentencing on the remaining counts, which are otherwise affirmed.
Affirmed in part, reversed in part and remanded.
ALTENBERND, A.C.J., and FULMER and SALCINES, JJ., concur.