[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17789

_____

D.C. Docket No. 1:15-cv-00069-MP-EMT


ANTHONY BARRITT,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 4, 2020)

Before MARTIN, NEWSOM, and O'SCANNLAIN,* Circuit Judges.

O'SCANNLAIN, Circuit Judge:

_____

* Honorable Diarmuid F. O'Scannlain, United States Circuit Judge for the Ninth Circuit, sitting by designation.

We must decide whether a Florida state prisoner is entitled to federal habeas relief based on several claims of ineffective assistance of counsel.

I

In 2007, Anthony Barritt was charged in Florida Circuit Court with four counts of sexual battery on a child between the ages of 12 and 18 years old by someone in familial or custodial authority, one count of possession of child pornography with intent to promote, four counts of possession of child pornography, and, in a separate case, one count of possession of a firearm by a convicted felon. The sexual battery charges were based on sexual activity between Barritt and the victim B.L., his step-daughter at the time. The child pornography charges were based on video recordings of four separate incidents.

Barritt pleaded nolo contendere and was duly sentenced to a 25-year prison term on the sexual battery and child pornography charges and a fifteen-year term for the firearm charge, to run concurrently.

A

In 2009, Barritt's state post-conviction proceedings, the Florida Circuit Court found that the four counts of sexual battery were barred by the statute of limitations, which had run at the time Barritt was charged.[1] The court vacated the judgment and

---

[1] The most recent episode of unlawful sexual battery occurred in 1996, and the statute of limitations ran in 2002.

sentences and allowed Barritt to withdraw his plea as to these charges. Because the State failed to present evidence that Barritt actually possessed a firearm, the court also allowed him to withdraw his plea as to the firearm charge.

Shortly thereafter, the State of Florida filed a second amended information against Barritt that included all the previous charges along with three additional charges of capital sexual battery [2] and two charges of tampering with physical evidence. The State also threatened to charge Barritt's brother James Marini with evidence tampering charges because he allegedly removed the firearm from Barritt's truck after the arrest. Barritt and the State entered a plea agreement, under which Barritt would again plead nolo contendere to the original charges in return for the same sentences, and the State would drop the new capital sexual battery and evidence tampering charges, including those against Marini. In addition, Barritt agreed to waive any statute of limitations defenses he might have and all postconviction rights with the exception of collateral relief for a claim of ineffective assistance of counsel. The agreement also contained a provision, initialed by Barritt, that stated, "Because I wish to accept the State's plea offer, at my request and with my agreement, my attorney has not fully investigated my case nor talked to all of the witnesses."

---

[2] Capital sexual battery is sexual battery on a child less than 12 years of age. Fla. Stat. § 794.011(8)(c).

3

During a lengthy plea colloquy in open court, Barritt acknowledged, under oath, that he understood the terms of the agreement and that it was in his best interest. At one point, Barritt was asked by his attorney, Christopher Small, if he had been "threatened, coerced, into entering a plea so that [his] free will has been negated," to which he responded "Yes, sir."  He immediately backtracked, though, and stated, "[I]t's my decision," and when questioned by the judge, explained that he wanted to go through with the plea.  Small then asked him again if he had been coerced or threatened to which Barritt answered no.  The judge again asked Barritt multiple times if he had been coerced in any way, and, each time, Barritt answered no.  The judge accepted the plea and sentenced Barritt to a 25-year prison term on the original charges, including a fifteen year term for firearm possession, to run concurrently with the sexual battery and child pornography charges.  Under the terms of the agreement, Barritt waived his right to appeal, so no appeal was taken.

B

In 2010, Barritt filed a new motion for postconviction relief, which, after some procedural rounds, the Florida Court of Appeal denied.

C

In 2015, Barritt filed this petition for writ of habeas corpus under 28 U.S.C. § 2254, listing ten ineffective assistance of counsel claims, and a claim for cumulative error based on counsel's deficiencies, nearly all of which were exhausted in state

4

court proceedings,[3] three of which claims[4] are before us.  The magistrate judge issued a Report and Recommendation denying relief on all grounds.  Barritt filed an objection to the Report and Recommendation, newly asserting that he had been "coerced" into accepting the plea and that the magistrate judge erred in not addressing the issue.  The district court adopted the Report and Recommendation, denied the writ, and denied a certificate of appealability.

D

Barritt filed a notice of appeal from denial of the writ, and this court granted a certificate of appealability on three issues: (1) Whether the district court violated *Clisby v. Jones*, 960 F .2d 925 (11th Cir. 1992) (en banc), by failing to address all claims fully, specifically by failing to address an alleged "coercion" claim within Barritt's ineffective assistance of counsel claim for failure to investigate the capital sexual battery charges ("*Clisby* claim"); (2) Whether the district court erred in denying, without an evidentiary hearing, Barritt's claim that counsel was ineffective

---

[3] Under Florida law, claims for postconviction relief are exhausted once they are appealed to the state district court of appeal. They need not be appealed to the Florida Supreme Court in order to be considered exhausted for federal habeas purposes. *Lee v. Wainwright*, 468 F.2d 809, 810 (5th Cir. 1972); *cf. Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981).  Barritt failed to exhaust a claim of ineffective assistance of counsel for failure to explain which ineffective assistance claims he could not raise on collateral review, but this unexhausted claim is not before us.

[4] Only three of the ineffective assistance claims are relevant to this appeal, in light of the certificate of appealability  1) counsel's failure to investigate the capital sexual battery charges (Ground 1), 2) counsel's failure to advise him of a prosecutorial vindictiveness defense (Ground 9), and 3) counsel's failure to advise him of a double jeopardy defense (Grounds 6, 7, 8).

for failing to advise him of a prosecutorial vindictiveness defense ("prosecutorial vindictiveness claim"); and (3) Whether the district court erred in denying, without an evidentiary hearing, Barritt's claim that counsel was ineffective for failing to advise him of a double jeopardy defense to the charges of possession of child pornography and possession of child pornography with intent to promote ("double jeopardy claim").

## II

Barritt first argues that the district court violated *Clisby v. Jones*, which mandates that a federal district court must "resolve all claims for relief raised in a petition for writ of habeas corpus … regardless whether habeas relief is granted or denied." *Id.* at 936. There, Clisby's habeas petition presented nineteen claims of constitutional violations to the district court, which dismissed thirteen, granted relief on one, and reserved judgment on the remaining five. We refused to consider the claims the district court had failed to address and remanded the case to the district court to consider every claim raised, emphasizing "the importance of litigating *all* of a petitioner's claims in one habeas proceeding, both at the trial and appellate levels." *Id.* at 935 (emphasis in original).

For *Clisby* purposes, a claim for relief is "any allegation of a constitutional violation." *Id*. at 936. In that case, the district court reserved judgment on three ineffective assistance of counsel claims based on violations of the Sixth Amendment,

6

and two incompetent psychiatric assistance claims based on violations of the Eighth Amendment. *Id.* at 935. The court noted that each ineffective assistance of counsel allegation constituted a distinct claim because an "allegation of one constitutional violation and an allegation of another constitutional violation constitute two distinct claims for relief." *Id.* at 936. *Clisby* held that the district court erred in that case because, even though it was conscious of the existence of other claims, it chose not to address them at all.

Barritt does not disagree that the district court addressed all of his ineffective assistance of counsel claims, which ordinarily would dispose of the *Clisby* issue. But he now asserts that it failed to address an alleged "coercion" claim that he believes was wrapped within his ineffective assistance of counsel claims for 1) failure to investigate the capital sexual battery charges (Ground 1) and 2) failure to advise him of a prosecutorial vindictiveness defense (Ground 9). In various parts of his Petition, Barritt alludes to "pressure," "threats," or "coercion" he felt that allegedly forced him to plead.[5] For example, in his claim for ineffective assistance of counsel for failure to investigate the capital sexual battery charges, Barritt recited

---

[5] Barritt argues that, in open court during the plea colloquy, he stated he was coerced. Yet, when Barritt answered "yes" in the colloquy that he was "threatened, coerced, into entering a plea so that [his] free will has been negated," he immediately backtracked and affirmed that it was, nevertheless, his decision to accept the plea offer. Barritt was again questioned by the judge and his attorney on this point several times and each time he answered that he was not coerced.

7

that he felt pressure to plead nolo contendere because he did not want to be punished for a capital sexual battery crime he did not commit. Similarly, in his claim for ineffective assistance of counsel for failure to advise him of a prosecutorial vindictiveness defense, Barritt asserted that the State brought the additional charges to pressure him into pleading.

Yet, simply because Barritt made passing references to "coercion" does not mean he asserted an independent coercion claim for the purposes of *Clisby*. In neither the state court nor the district court did Barritt ever allege a freestanding coercion claim, which would mean that the agents of the State "produce[d] a plea by actual or threatened physical harm or by mental coercion overbearing [his] will[.]" *Brady v. United States*, 397 U.S. 742, 750 (1970).

We have held that district courts violated *Clisby* when a petitioner attached a memorandum with facts demonstrating specific failures of counsel to support his "ineffective assistance of counsel claims" and the district court addressed ineffective assistance of counsel generally but not all of the alleged failures. *See Dupree v. Warden,* 715 F.3d 1295, 1299 (11th Cir. 2013); *Rhode v. United States*, 583 F.3d 1289, 1291-92 (11th Cir. 2009). Here, though, he relies only on ineffective assistance of counsel claims for failure to investigate (Ground 1) and failure to raise a prosecutorial vindictiveness defense (Ground 9) and then later asserts that the facts supporting these claims also support a coercion claim. Yet claims for relief must be

8

clearly presented to the district court, and no coercion claim was clearly presented here. *See Smith v Sec'y, Dept. of Corrections*, 572 F.3d 1327, 1351-52 (11th Cir. 2009) (argument for inter-claim cumulative analysis not presented to the district court when it was only found in one sentence of a 116-page habeas petition and no supporting authority was given). In this case, the district court specifically addressed each alleged failure of counsel that was presented.

The closest Barritt comes to making anything resembling an independent coercion claim is his ineffective assistance of counsel claim based on failure to advise him of a prosecutorial vindictiveness defense—specifically, that the prosecutor brought enhanced charges against him for exercising a constitutional right. Barritt claims that the threat of these charges pressured him into accepting the plea agreement rather than going to trial.

However, the district court *did* fully address that claim, when it determined that there was no prosecutorial vindictiveness. In *Clisby,* the district court was aware of certain claims yet simply decided not to address them. *Clisby*, 960 F.2d at 936. Here, though, the district court addressed each of Barritt's claims that were actually presented; there is no indication that it was aware of a coercion claim or chose to

ignore it.[6]    As the record reveals that Barritt never presented an independent coercion claim, the district court did not violate *Clisby*.

### III

Barritt next argues that his trial counsel was ineffective for failing to raise a prosecutorial vindictiveness defense based on the fact that the State brought additional charges against him after the sexual battery charges, barred by the statute of limitations, were dismissed.  He claims that if his attorney had informed him of this defense, he would not have entered the plea but would have instead gone to trial.  The state court rejected this claim on the ground that there *was no* prosecutorial vindictiveness, and thus Barritt's counsel was not deficient in failing to raise such a defense.  To obtain federal habeas relief, Barritt must show that the state court decision was unreasonable.  28 U.S.C. § 2254(d); *see Harrington v. Richter*, 562 U.S. 86, 97–98 (2011).

### A

Barritt argues that the state court unreasonably applied federal law in finding that there was no prosecutorial vindictiveness here, and thus no deficient

---

[6] We note too, that Barritt never presented a freestanding coercion claim in state court either.  Barritt claims he raised this issue in the Florida Circuit Court yet, again, he never raised a freestanding claim and simply alluded to "pressure" he felt from the State.  Barritt also asserts that he raised this claim independently in the Florida District Court of Appeal but points to a portion of his brief that deals with ineffective assistance of counsel for failure to advise him of a prosecutorial vindictiveness defense, not coercion.

performance under *Strickland*. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Specifically, he argues that he *would* have had a valid prosecutorial vindictiveness defense based on the prosecutor's decision to bring capital sexual battery charges against him, and evidence tampering charges against his brother, after he had succeeded on his previous motion for postconviction relief.

But the filing of additional charges in the context of plea negotiations is not necessarily a retaliatory penalty. *United States v. Goodwin,* 457 U.S. 368, 378 (1982). Like in *Goodwin*, the prosecutor in this case brought additional charges against Barritt after realizing he would not plead to the lesser charges because the statute of limitations on those charges had run. *Goodwin,* 457 U.S. at 378. As part of the plea bargaining process, the prosecutor attempted to persuade Barritt to forgo his trial rights by offering to drop the additional charges in exchange for his waiving the statute of limitations defense to the original sexual battery charges. The State brought the additional charges when its earlier attempts proved futile in order to induce Barritt to plead instead of going to trial, which is a legitimate use of the plea-bargaining system. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Barritt received the same sentence based on the same original charges, not a more severe sentence, demonstrating that it is unlikely the prosecutor's motives were vindictive. The state court's decision that the filing of additional charges was not retaliatory is

11

not unreasonable and thus is entitled to Antiterrorism and Effective Death Penalty Act (AEDPA) deference. 28 U.S.C. § 2254(d).

1

Barritt argues that the state court erred in failing to apply a *presumption* of vindictiveness, which arises because the State brought new charges only after he exercised a constitutional right in defending against the first charges. However, we have held that there is no presumption of vindictiveness when the new charges are based on independent conduct. *Humphrey v. United States*, 888 F.2d 1546, 1549 (11th Cir. 1989); *see also United States v. Kendrick*, 682 F.3d 974, 983 (11th Cir. 2012) (no presumption of vindictiveness when the State charged the defendant with additional charges after an acquittal). We distinguish between instances in which the prosecutor substitutes a more serious charge for the original charges and those in which new charges are based on independent acts. Where the latter is the case, adding charges does not give rise to a presumption of prosecutorial vindictiveness. "This principle holds true even where the separate acts that prompted the new charges occurred in the same spree of activity." *United States v. Jones*, 601 F.3d 1247, 1261 n.5 (11th Cir. 2010) (internal quotation marks omitted); *see also United States v. Taylor*, 749 F.2d 1511, 1513-14 (11th Cir. 1985) (no vindictiveness when the defendant was charged with four additional felonies based on the same period of

12

activity after he successfully appealed a felony conviction and got charges lowered to misdemeanor).

Here, the State did not substitute more serious charges for the conduct originally charged. The original charges arose from Barritt's sexual assault upon the victim when she was over the age of twelve. The new charges were based on alleged assault on the victim *before* she reached the age of twelve and on Marini's tampering with evidence by removing a gun from Barritt's belongings after his arrest. Such conduct is clearly distinct from that of the original charges.

2

Barritt also argues that, even if there were no presumption of vindictiveness, he should be given an opportunity to prove actual vindictiveness in an evidentiary hearing at the district court.

Demonstrating actual vindictiveness "essentially requires a showing that the prosecution's justification is pretextual." *Kendrick*, 682 F.3d at 982. The state court addressed Barritt's actual vindictiveness argument when it declared Barritt failed to show "any evidence of prosecutorial vindictiveness" meaning no presumed or actual vindictiveness. Barritt never alleged facts, either before the district court or in the state court, that, if true, would prove that the prosecution acted pretextually and with actual vindictiveness. Throughout, Barritt made conclusory statements but has not provided any evidence of actual vindictiveness. And we are bound by the record as

13

it existed before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Because the state court's determination was not unreasonable and Barritt failed to develop a factual basis for the claim in state court, he is not entitled to an evidentiary hearing in federal court under AEDPA. 28 U.S.C. § 2254(e)(2)(B).

B

As Barritt has failed to show deficient performance of counsel, he has also failed to show prejudice, which requires demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

"[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Because the defense was unlikely to succeed, and thus there was no reasonable probability that the outcome would have been different, Barritt was not prejudiced here. The state court's decision was not an unreasonable application of federal precedent or determination of fact.

IV

Finally, Barritt argues that he was denied effective assistance of counsel when his attorney did not advise him of a double jeopardy defense to the multiple charges

14

of possession of child pornography along with the charge of possession with intent to distribute.  He argues that he should not have been charged under Fla. Stat. § 872.071(5) with multiple counts of possession because the police recovered only one videotape, not multiple, of child pornography.  Similarly, he contends that he should not be charged with intent to promote because here there was only a single videotape recovered, and under Fla. Stat. § 872.071(4), possession of three or more representations of child pornography is required for conviction of intent to promote.[7]

The state court denied the claim, reasoning that it was meritless essentially because Barritt benefitted from the plea agreement and therefore was not prejudiced by any mistake of counsel.  In *Arvelo v. Sec'y, Fla. Dep't of Corr.*, 788 F.3d 1345, 1349 (11th Cir. 2015), we held that the district court applied the wrong legal standard in finding that the defendant was not prejudiced because he benefitted from the sentence imposed when he could have received a much higher sentence.  It appears that the state court  made the same mistake here, and thus its decision is not entitled

---

[7] In his original pro se brief Barritt argued that he also retained a double jeopardy defense because he was charged with both possession and intent to promote.  Under Florida law, an offender may be charged with possession under Fla. Stat. § 872.071(5) as well as intent to promote under Fla. Stat. § 872.071(4).  *See Chesser v. State*, 148 So. 3d 497, 498-99 (Fla. Dist. Ct. App. 2014) (reversing conviction for multiple counts of possession with intent to promote based on 60 depictions but affirming one conviction of intent to promote along with possession).  Therefore, a double jeopardy defense based on this argument would have clearly failed, and Barritt was not denied effective assistance of counsel when his counsel failed to raise a meritless defense.

to AEDPA deference to that extent. *Panetti v. Quarterman*, 551 U.S. 930, 948 (2007).

Nevertheless, even without such deference, Barritt can only succeed on his ineffective assistance of counsel claim if he can show that (1) his counsel rendered deficient performance in failing to raise a successful double jeopardy defense and (2) he was prejudiced from this failure. *Strickland*, 466 U.S. at 687.

A

The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 306–07 (1984). Here, however, each charge was for a separate offense.

The Florida child pornography statute states that the "possession, control, or intentional viewing of each such [pornographic] photograph, motion picture, exhibition, show, image, data, computer depiction, representation, or presentation is a separate offense." *See* Fla. Stat. § 872.071(5). In *Pardue v. State*, for example, the court determined that each of 25 pictures, though taken on the same day during the same incident, counted as a separate offense of possession of child pornography. The court noted that the use of "a" and "each" in the statute shows the legislature's

16

intent that possession of every representation should be counted as a separate offense. *Pardue v. State*, 176 So. 3d 340, 341–42 (Fla. Dist. Ct. App. 2015).

Here, Barritt argues that he was charged based only on *one* representation of child pornography, that is, a single videotape. He points out that in *Stowe v. State,* the defendant was charged with only one count of possession of child pornography though he possessed a video that contained multiple children. Barritt's reliance on *Stowe* is misplaced. *Stowe v. State,* 66 So. 3d 1015, 1017 (Fla. Dist. Ct. App. 2011). In that case, the parties agreed that the defendant possessed only a single motion picture. *Id.* Here, by contrast, the parties do not agree that the single videotape constituted one "motion picture." A "motion picture" is defined as "a representation of a story or other subject matter," *Webster's Third New International Dictionary* at 1475 (2002), which, for instance, might contain a single title, plotline, or theme, making it a coherent work.

Although all of the video footage for which Barritt was charged was stored on one physical videotape, the tape "documented approximately four separate incidents of Defendant committing lewd and lascivious battery [with] his 13 [year-old] step-daughter." Each incident of sexual assault was separated by time. Barritt's argument would effectively mean that the defendant's chosen manner of *storage* dictates how many offenses he has committed—rather than the number of offending representations he actually created or possessed. His argument is especially

17

unpersuasive considering that, for example, both the films *Casablanca* and *Godzilla* could be stored on the same videotape yet obviously would not constitute a single "motion picture." Clearly, Fla. Stat. § 872.071(5) cannot be meant to operate in this way. For example, in *State v. Farnham*, the court found that each of 87 depictions of child pornography stored on a single computer file counted as a separate offense. *State v. Farnham*, 752 So. 2d 12, 16 (Fla. Dist. Ct. App. 2000). Here, there were four individual videos that were stored on the same physical tape; thus Barritt could be charged with four counts of possession of child pornography.

Because there were four individual representations of child pornography found in Barritt's possession, he could be convicted of intent to promote as well, which requires the possession of only three representations of child pornography. *See* Fla. Stat. § 872.071(4). Because the statute punishes possession of each representation as a separate offense and because Barritt possessed four, he had no valid double jeopardy defense. His counsel did not render him deficient performance in failing to raise such a defense.

B

As with the vindictive prosecution claim, because the double jeopardy defense would not have succeeded, Barritt suffered no prejudice from his counsel's failure to raise it. *Hill*, 474 U.S. at 59. In failing to advise him of a meritless defense when

18

he suffered no prejudice, his counsel did not render ineffective assistance, and thus

Barritt has not shown that he is entitled to habeas relief.

**AFFIRMED**.

MARTIN, Circuit Judge, concurring in part and dissenting in part:

Anthony Barritt comes to us seeking relief from the State of Florida's decision to charge him with four time-barred counts of engaging in sexual activity with a child twelve to eighteen years old. The statute of limitations ran out on those charges five years before the State originally charged him, and eight years before the State recharged him with those counts. Nevertheless the majority opinion holds that Mr. Barritt has not met his burden to show those charges were brought vindictively. But because I believe this record demonstrates that Mr. Barritt was recharged out of vindictiveness, I dissent from Part III of the majority opinion.

I take issue with three points in the majority's discussion. First, because the state court unreasonably applied the prosecutorial vindictiveness standard, I would not defer to that court's decision under AEDPA. I would review Mr. Barritt's claim de novo. Second, Mr. Barritt has alleged facts sufficient to show that his trial counsel was ineffective for failing to advise him about a prosecutorial vindictiveness defense. I also believe he was prejudiced by his counsel's failure in that regard. Finally, Mr. Barritt was never afforded an evidentiary hearing—either before the state court or the District Court—despite there being disputed issues of fact. I would therefore remand this case to the District Court to hold an evidentiary

20

hearing to determine whether Mr. Barritt can prove there was "actual vindictiveness" motivating the prosecutor's decision to recharge him.

## I.

Decades ago, the Supreme Court fashioned a "prophylactic rule" to guard against harsher sentences or charges for defendants based on vindictive retaliation because they successfully pursued a statutory right of appeal or collateral remedy. Wasman v. United States, 468 U.S. 559, 564–65, 104 S. Ct. 3217, 3221 (1984) (quotation marks omitted); Blackledge v. Perry, 417 U.S. 21, 25–26, 94 S. Ct. 2098, 2101–02 (1974). Traditionally, this rule barred harsher sentences imposed on retrial when no reasons for doing so "affirmatively appear[ed]" in the record. Wasman, 468 U.S. at 564–65, 104 S. Ct. at 3221 (quotation marks omitted); see United States v. Mathurin, 868 F.3d 921, 936 (11th Cir. 2017). This rule also applies to a prosecutor's decision to seek heightened charges after a defendant successfully appeals his conviction for the same conduct. See United States v. Kendrick, 682 F.3d 974, 981 (11th Cir. 2012).

Under this "prosecutorial vindictiveness" doctrine, the Supreme Court tells us that due process "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Wasman, 468 U.S. at 564, 104 S. Ct. at 3221. The doctrine also "guard[s] against vindictiveness by the prosecutor at the

21

postconviction stage." Alabama v. Smith, 490 U.S. 794, 800 n.3, 109 S. Ct. 2201, 2205 n.3 (1989) (citing Blackledge, 417 U.S. 21, 94 S. Ct. 2098).

In determining whether a person is entitled to relief for prosecutorial vindictiveness, we apply a burden-shifting framework. See Wasman, 468 U.S. at 569, 104 S. Ct. at 3223. First, we see if the petitioner is entitled to a presumption of vindictiveness. See id. A presumption traditionally arises in cases where a defendant successfully appeals his original convictions and then, on retrial, receives a greater sentence than he got the first time, or is faced with heightened charges. See id. at 564–65, 104 S. Ct. at 3220–21; Kendrick, 682 F.3d at 981. The State may rebut the presumption of vindictiveness by pointing to objective information justifying the increased charge or sentence. Smith, 490 U.S. at 798–99, 109 S. Ct. at 2204. If no presumption applies, United States v. Goodwin, 457 U.S. 368, 384, 102 S. Ct. 2485, 2494 (1982), or if the State rebuts the presumption, "the burden rests on the defendant to demonstrate actual prosecutorial vindictiveness, which essentially requires a showing that the prosecution's justification is pretextual," Kendrick, 682 F.3d at 982 (emphases added).

## II.

Because Mr. Barritt's prosecutorial vindictiveness claim is couched within an ineffective assistance of counsel claim, he must show both that his counsel's failure to advise him of a prosecutorial defense was deficient performance and that

22

he was prejudiced as a result.  See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  And in order to show that he is entitled to an evidentiary hearing on this claim, he must first allege a prima facie case.  See Madison v. Comm'r, Ala. Dep't of Corr., 761 F.3d 1240, 1248–49 (11th Cir. 2014); see also Schriro v. Landrigan, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.").

The majority opinion concludes that the state court's analysis was proper and therefore entitled to AEDPA deference.  See Majority Opinion ("Maj. Op.") at 12.  The opinion also holds that Mr. Barritt has not made out a prima facie case of actual vindictiveness and therefore can show neither deficient performance nor prejudice.  Id. at 13–14.  Finally, the majority denies Mr. Barritt an evidentiary hearing because he "failed to develop a factual basis" for his claim in state court.  Id. at 14.  I have come to a different conclusion on each of these points.

A. WHETHER COUNSEL'S PERFORMANCE WAS DEFICIENT DEPENDS ON FACTS NOT IN THE RECORD.

The majority opinion first holds that the state postconviction court's determination that counsel's performance was not deficient is entitled to AEDPA

23

deference.  Maj. Op. at 12.  I do not agree, because the state court failed to apply the vindictiveness burden-shifting framework required by the Supreme Court.  See United States v. Barner, 441 F.3d 1310, 1315–17 (11th Cir. 2006) (applying Blackledge to analyze whether there is a presumption of vindictiveness in the pre-trial context); United States v. Spence, 719 F.2d 358, 362 (11th Cir. 1983) (per curiam) (explaining burden-shifting framework under this Court's precedent and Goodwin).

The state court cited Goodwin, 457 U.S. at 378, 102 S. Ct. at 2492, to hold that the State was allowed to file additional and more severe charges against Mr. Barritt.  The majority opinion correctly recites that "the filing of additional charges in the context of plea negotiations is not necessarily a retaliatory penalty."  Maj. Op. at 11.  However, it fails to recognize that the next step in the state court's analysis is plainly wrong.  After discussing the additional charges under Goodwin, the state court went on to find that Mr. Barritt failed to show any evidence of prosecutorial vindictiveness because he pled "to the exact same sentence that he initially had."  The majority takes this to mean the state court found no presumption of vindictiveness and no actual vindictiveness.  Maj. Op. at 13.  I don't believe this is so.

The analysis required for the first step in the framework—whether there is a presumption of vindictiveness—is different than that required by the third step—

24

whether there is actual vindictiveness.  The Supreme Court has made clear that in determining whether there is a presumption, we look only to whether there are increased charges or an increased sentence following a successful appeal or postconviction motion.  See, e.g., Wasman, 468 U.S. at 566, 104 S. Ct. at 3222 (explaining that precedent "established a rebuttable presumption of vindictiveness, not an absolute prohibition on enhancement of sentence").  The third step, by contrast, looks to the prosecutor's actions, subjective intent, or state of mind.  See Spence, 719 F.2d at 363 (directing courts to examine "the prosecutor's actions" (quotation marks omitted)); Bordenkircher v. Hayes, 434 U.S. 357, 361 n.7, 365, 98 S. Ct. 663, 667 n.7, 669 (1978) (holding that despite prosecutor's concession that indictment was influenced by his desire to induce a guilty plea, that alone did not rise to actual vindictiveness).  Therefore, in looking only to the sentence Mr. Barritt received, the state court gave what amounted to its own opinion on whether Barritt had established a presumption of vindictiveness.

In doing so, the state court shirked its responsibility to perform the burden-shifting process called for by the Supreme Court.  The state court found no presumption of vindictiveness and stopped there.  Yet the Supreme Court "explicitly left open the possibility that the defendant could prove actual vindictiveness in a pre-trial situation, without the help of a presumption." Barner, 441 F.3d at 1317 (emphasis added).

25

Regardless of whether Mr. Barritt gets no presumption, as the state court found here, or if the State rebuts the presumption, he is still entitled to demonstrate actual prosecutorial vindictiveness.  See Goodwin, 457 U.S. at 384, 102 S. Ct. at 2494.  Because the state court stopped short of the correct application of the Supreme Court's vindictiveness analysis, I believe its decision is contrary to clearly established federal law.  See Daniel v. Comm'r, Ala. Dep't of Corr., 822 F.3d 1248, 1258–59 (11th Cir. 2016) (explaining that "contrary to" means the state court applied a different rule than set forth in governing Supreme Court cases).  As a result, I would not give the state court's determination AEDPA deference and would instead proceed to review this claim de novo.  Id. at 1260.

Second, I do not share the majority's view that Mr. Barritt failed to allege facts to show actual vindictiveness.  See Maj. Op. at 13.  As set out above, actual vindictiveness relates to the prosecutor's actions, state of mind, or intent.  See Spence, 719 F.2d at 363; Bordenkircher, 434 U.S. at 361 n.7, 98 S. Ct. at 667 n.7; Goodwin, 457 U.S. at 380–81, 102 S. Ct. at 2492.  Mr. Barritt did indeed allege the prosecutor's vindictive state of mind and intent in his state motion for postconviction relief.  Those allegations entitle him to an evidentiary hearing.  Mr. Barritt alleged that he filed his first motion for postconviction relief on the ground that he was charged with four counts of engaging in sexual activity with a child twelve to eighteen years old, which were barred by the statute of limitations.  He

26

also said his counsel was ineffective for failing to advise him of a limitations defense. Mr. Barritt went on to describe that the state postconviction court granted him relief on this issue and allowed him to withdraw his plea as to those four counts. He also alleged that, as a result, the State threatened to charge Mr. Marini (Mr. Barritt's brother) if Barritt refused to accept the State's offer of 25 years for the time-barred charges. Mr. Barritt repeated these allegations in his amended state postconviction motion and in his federal petition.

I do not view this sequence of events as normal aspects "of the plea bargaining process." Maj. Op. at 11. Rather, these events show actual prosecutorial vindictiveness in violation of Mr. Barritt's due process rights. The State concedes the second round of charges for those four counts brought against Mr. Barritt following the grant of his motion for postconviction relief were time-barred. Br. of Appellees at 7 n.1. This fact is important. It meant that the State had no power to charge Mr. Barritt with the time-barred counts in the first place. See Powers v. State, 718 So. 2d 255, 256 (Fla. 2d DCA 1998) (per curiam) (reversing conviction for time-barred charges where State failed to meet its burden to show the improper charges "corresponded to any timely filed charges"). Thus, Mr. Barritt is challenging the State's action as exceeding its power. See Blackledge, 417 U.S. at 30, 94 S. Ct. at 2103 (describing vindictiveness claim as

27

one that goes "to the very power of the State to bring the defendant into court to answer the charge brought against him").

True, the State says it learned of the facts underlying the capital charges later "during discovery or further investigation of Barritt's brother." R. Doc. 14 at 22. If the adversarial process bore this out, the State's new knowledge would plausibly rebut any presumption of vindictiveness. Prosecutors are generally free to exercise broad discretion to bring future charges. See Goodwin, 457 U.S. at 382, 102 S. Ct. at 2493. But these facts appear to show a prosecutor's discretion that has crossed the line into vindictiveness. See Barner, 441 F.3d at 1315 (recognizing that a prosecutor may exercise discretion to bring new charges "so long as the purpose is not to harass the defendant"). When the State uses heightened—here, capital—charges as leverage to cause a defendant to plead guilty to charges the State was barred from bringing, that conduct rises to the level of harassment. I therefore cannot agree with the majority's conclusions that Mr. Barritt's allegations do not make out a prima facie case for actual vindictiveness.

The majority opinion is also mistaken in its decision to affirm the District Court's denial of an evidentiary hearing. The fact that Mr. Barritt met his burden of establishing a prima facie case of actual vindictiveness, "coupled with the fact that the prosecutor stated no reasons" for his choice to recharge the time-barred counts, "required the District Court to receive and consider new evidence in order

28

for it to conduct the analysis mandated by" the Supreme Court's prosecutorial vindictiveness precedent. See Madison, 761 F.3d at 1249. To the contrary, the majority opinion faults Mr. Barritt with failing to develop in state court a factual basis for proving actual vindictiveness under 28 U.S.C. § 2254(e)(2). Maj. Op. at 14.

I believe the majority opinion misconstrues the § 2254(e)(2) inquiry. That provision "is to ensure the prisoner undertakes his own diligent search for evidence." Williams v. Taylor, 529 U.S. 420, 435, 120 S. Ct. 1479, 1490 (2000). Diligence "depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue [his] claims in state court." Id. Mr. Barritt has diligently pursued his claims in state court and sought an evidentiary hearing. Despite Mr. Barritt's efforts, no court afforded him the opportunity to engage in discovery or present evidence at a hearing. Indeed, no court before us ever evaluated the existence of actual vindictiveness.

In recommending the denial of this claim in Mr. Barritt's federal habeas petition, the Magistrate Judge noted she did "not necessarily agree with the state court's reasoning," but found that the ultimate determination was not unreasonable on several other grounds. The state court's reasoning was flawed, as described above, yet the Magistrate Judge still found—without analysis or legal citation— that Mr. Barritt's plea agreement barred this claim because he "expressly

29

acknowledged that he entered the plea agreement knowing that defense counsel had not fully investigated possible defenses." This is not a correct statement of law. It is well established that a petitioner does not waive an ineffective assistance claim simply by entering a plea. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57, 106 S. Ct. 366, 369 (1985); Arvelo v. Sec'y, Fla. Dep't of Corr., 788 F.3d 1345, 1348 (11th Cir. 2015). The Magistrate Judge then went one step further and held that Mr. Barritt "failed to show a viable defense" to his charges. In particular, she found that because "the new charges were based upon separate and distinct criminal conduct than the conduct underlying the original charges," Mr. Barritt was not entitled to a presumption of vindictiveness and therefore failed to demonstrate a reasonable probability of a different outcome. The Magistrate Judge did acknowledge the burden-shifting framework, but stopped the analysis at the first step. It bears repeating that, up to this point, every court analyzing Mr. Barritt's claim has failed to follow the proper analysis for prosecutorial vindictiveness. If there is no presumption, the analysis isn't over. Mr. Barritt still must be allowed to show the State's reason for recharging him was pretextual. See Kendrick, 682 F.3d at 982.

Even so, Mr. Barritt provided a sworn affidavit to support his federal habeas petition. In it, he recounts how he believed it was factually impossible that he could be guilty of the capital charges, and that counsel told him it was unlikely that

30

the state "had any evidence" of the capital charges.  If true, those facts are compelling.  Of course the current state of this undeveloped record does not allow us to evaluate whether Mr. Barritt offered sufficient evidence to prove actual vindictiveness.  See Singh v. Att'y Gen., 945 F.3d 1310, 1315 (11th Cir. 2019) ("It is well-established that a court may not decide a habeas corpus petition based on affidavits alone when there are factually contested issues.").

Because the merits of Mr. Barritt's claim hinge on his ability to show actual vindictiveness, we should remand his case for an evidentiary hearing.   See Landers v. Warden, 776 F.3d 1288, 1295 (11th Cir. 2015) (holding that a habeas petitioner may be entitled to a federal evidentiary hearing if he overcomes his burden under § 2254(d)(1)); Arvelo, 788 F.3d at 1350 (remanding for an evidentiary hearing "because neither the state habeas court nor the District Court afforded [petitioner] the opportunity to develop the factual basis for this claim"). There should be a factual exploration of whether counsel's performance was deficient in failing to raise a prosecutorial vindictiveness defense.

B. MR. BARRITT HAS SHOWN HE WAS PREJUDICED BY COUNSEL'S CONDUCT.

Finally, the majority concludes that Mr. Barritt was not prejudiced because the prosecutorial vindictiveness defense "was unlikely to succeed," so there was no

31

reasonable probability the outcome would have been different.  Maj. Op. at 14.  I again view this differently.

First, the state court's decision is not entitled to deference.  It is true that in ineffective assistance cases like this one, in which Mr. Barritt is faulting his lawyer for failing to pursue a pretrial motion before entering a guilty plea, "both the deficient performance and prejudice prongs of Strickland turn on the viability" of that underlying motion.  Arvelo, 788 F.3d at 1348; see also Maj. Op. at 14.  This is because counsel's performance "only falls outside the range of competence demanded of counsel" if he does not pursue a motion that would have affected the outcome of the case had the petitioner rejected the plea and proceeded to trial.  Arvelo, 788 F.3d at 1348.  Here, the state court found that a prosecutorial vindictiveness defense was not viable, so Mr. Barritt was not prejudiced.  However, this finding is suspect in light of the state court's failure to properly perform the vindictiveness analysis. Therefore, for the same reasons set out above, we need not defer to state court's implicit prejudice determination.

In any event, Mr. Barritt has met his burden to show prejudice.  In light of his guilty plea, he must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59, 106 S. Ct. at 370.  Mr. Barritt has done just that.  In his state postconviction motion, he alleged counsel was ineffective for "not

32

recognizing the vindictive nature of the prosecutor's actions" and advising him to plead guilty "to the same offenses under the same plea bargain without first investigating prosecutorial vindictiveness." Mr. Barritt also alleged that if counsel had investigated and advised him of this defense, "he would not have accepted the plea offer of 25 years and would have insisted on counsel moving to dismiss the Second Amended Information, or would have insisted on going to trial in the alternative." His federal habeas petition echoes the allegations in his state postconviction motion. These allegations, if true, would entitle Mr. Barritt to habeas relief. Arvelo, 788 F.3d at 1349–50; see also Hill, 474 U.S. at 56, 106 S. Ct. at 369 ("Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." (quotation marks omitted)).

I respectfully dissent from Part III of the majority opinion. I would remand Mr. Barritt's case to the District Court to hold an evidentiary hearing on the issue of actual vindictiveness.