[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13761

Non-Argument Calendar

_____

FRED LEE BRYANT,

Petitioner-Appellant,

*versus*

WARDEN,
ATTORNEY GENERAL OF THE STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:18-cv-00363-TFM-N

_____

Before JORDAN, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Fred Lee Bryant, a counseled Alabama state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 federal habeas corpus petition. We granted a certificate of appealability (COA) on the following issue:

> Whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), by failing to address Bryant's claim that the trial court erred by requiring two witnesses, who previously had told the trial court they intended to invoke their Fifth Amendment privilege, to invoke the privilege in the jury's presence.

After review,[1] we vacate and remand.

This Court has expressed "deep concern over the piecemeal litigation of federal habeas petitions" and instructed district courts to resolve all claims for relief in habeas corpus petitions. *See Clisby*, 960 F.2d at 935-36. Under *Clisby*, we will vacate the district court's judgment without prejudice and remand the case for further consideration of any unresolved claims when a district court fails to address all the claims in a § 2254 petition. *Id.* at 938. In making claims under a § 2254 petition, the petitioner "must present a claim

---

[1] We review *de novo* the legal question of whether the district court violated the rule in *Clisby* by failing to address a claim. *Dupree v. Warden*, 715 F.3d 1295, 1299-1300 (11th Cir. 2013).

in clear and simple language such that the district court may not misunderstand it." *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013). No *Clisby* error occurs when the habeas petitioner fails to clearly present the claim to the district court. *Barritt v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1246, 1251-52 (11th Cir. 2020). In *Dupree*, we found the district court violated *Clisby* by failing to address a claim in 2 sentences in the middle of a 15-page supporting memorandum of law attached to the *pro se* § 2254 petition, which was entitled to liberal construction. *Dupree*, 715 F.3d at 1299-1300. In contrast, we found in *Barritt* that a passing reference to coercion in an ineffective-assistance claim was not sufficient to state an independent coercion claim for *Clisby* purposes, considering the petitioner never alleged a freestanding coercion claim in state court or district court. *Barritt*, 968 F.3d at 1251-52. We noted though "the district court addressed each of Barritt's claims that were actually presented[,] there [was] no indication that it was aware of a coercion claim or chose to ignore it." *Id*. at 1252.

The district court violated *Clisby* by failing to address Bryant's claim that the trial court erred in requiring the witnesses to invoke their Fifth Amendment privilege in front of the jury. *Clisby*, 960 F.2d at 938. There is language in Bryant's filings raising a claim of trial-court error. In his original and amended § 2254 petitions, Bryant made a two-sentence reference to trial court error for allowing the witnesses to invoke the Fifth Amendment in front of the jury in violation of Alabama law. Bryant also asserted in his jurisdiction statement that his trial counsel, the state, and the trial

court "appeared to be unaware of the long standing Alabama law that 'It is improper for the prosecution to call as a witness one it knows will certainly invoke the privilege against testifying as a witness, with the sole purpose of having the jury observe that invocation.'"  This was enough for the State to read Bryant's petition as raising a separate claim of trial court error and respond to that argument, and for the magistrate judge to address how many claims he had raised, which was in contrast to *Barritt* where "there [was] no indication that [the district court] was aware of a coercion claim or chose to ignore it," 968 F.3d at 1252.  Bryant's statements in his jurisdictional section and the body of his argument, along with the State's response to the issue were more than the 2 sentences in the middle of a 15-page *pro se* supporting memorandum of law this Court concluded in *Dupree* were sufficient to raise a claim.  *See Dupree*, 715 F.3d at 1299-1300.  Although Bryant is counseled and is not entitled to liberal construction of his arguments, Bryant's statements were enough to alert the district court of the issue in clear and simple language such that the district court may not misunderstand it.  *See id.* at 1299.

We vacate the district court's decision without prejudice and remand for further proceedings consistent with this opinion.  By remanding, we offer no opinion on whether there is a federal constitutional claim or whether the underlying claim has merit.  *See id.*

**VACATED and REMANDED.**