[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10493

Non-Argument Calendar

_____

STEPHEN MAYER,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cv-01960-SCB-AEP

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Stephen Mayer—a federal prisoner serving a 135-month total sentence imposed following his conviction of several counts of wire fraud and conspiracy to commit wire fraud—appeals, *pro se*, the denial of his 28 U.S.C. § 2255 motion. A Certificate of Appealability (COA) was granted as to three issues: (1) whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*) by failing to address Mayer's claim his trial counsel acted ineffectively by failing to challenge his indictment on the basis it was brought under a vindictive prosecution; (2) whether the district court violated *Clisby* by failing to address Mayer's claim his trial counsel acted ineffectively by failing to properly impeach a certain witness, Rose Medina; and (3) whether the district court erred in determining Mayer's trial counsel did not provide ineffective assistance because its analysis was based upon an erroneous application of *Franks v. Delaware*, 438 U.S. 154 (1978). After review,[1] we vacate and remand.

This Court has expressed "deep concern over the piecemeal litigation of federal habeas petitions" and instructed district courts to resolve all claims for relief in habeas corpus and § 2255 petitions.

---

[1] We review *de novo* the legal question of whether the district court violated the rule in *Clisby* by failing to address a claim. *Dupree v. Warden*, 715 F.3d 1295, 1299-1300 (11th Cir. 2013).

*See Clisby*, 960 F.2d at 935-36 (addressing 28 U.S.C. § 2254 petitions); *see also Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (applying *Clisby* in a § 2255 proceeding). In *Clisby*, we held that, if the district court fails to consider a claim raised by a movant on collateral review, we would vacate the district court's decision without prejudice and remand the case to allow the district court to consider the claim. *Clisby*, 960 F.2d at 938. Movants "must present a claim in clear and simple language such that the district court may not misunderstand it." *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013). No *Clisby* error occurs when a movant fails to clearly present the claim to a district court. *Barritt v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1246, 1251 (11th Cir. 2020).

The district court violated *Clisby* by failing to address Mayer's ineffective-assistance claims regarding his counsel's failure to move to dismiss the indictment as a vindictive prosecution and regarding his counsel's failure to properly impeach Medina. Mayer fairly presented those claims to the district court. *See Dupree*, 715 F.3d at 1299. In its order, the district court did not address these claims. Thus, as the Government concedes, the district court did not resolve the claims, in violation of *Clisby*. *See Clisby*, 960 F.2d at 935-36. As the Government further concedes, we may not, after finding a *Clisby* issue, analyze the merits of these claims. *See id.* at 938. Instead, the proper resolution of such an appeal is to vacate the district court's decision without prejudice and remand for further consideration by the district court. *Id.* We also conclude that to address the merits of Mayer's *Franks* claim would contravene

the considerations behind *Clisby* and engage in the sort of piece-meal litigation which *Clisby* sought to prevent. *See id.* at 936-38.

Finally, we deny Mayer's request for remand to a different district court judge, as he has not shown the extraordinary circumstances that would justify such a remedy nor anything that undermines our assumption that the district court can put its views aside in determining the remainder of this case. *See United States v. Gupta*, 572 F.3d 878, 891 (11th Cir. 2009) ("Reassignment is an extraordinary order, and we do not order it lightly." (quotation marks and alteration omitted)).

Accordingly, we vacate the denial of Mayer's § 2255 motion without prejudice and remand for further proceedings.[2]

**VACATED WITHOUT PREJUDICE AND REMANDED FOR FURTHER PROCEEDINGS.**

---

[2] We DENY Mayer's "Motion to Take Judicial Notice" and "Second Motion to Supplement this Appeal" as moot.