[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14152

Non-Argument Calendar

_____

DARRYL BURKE,

　　　　　　　　　　　　　　　　　　　Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　　　　Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 1:17-cv-22629-JIC,
1:13-cr-20616-JIC-1

_____

Before WILSON, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Darryl Burke, a federal prisoner pro se,[1] appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. He argues that the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), by not fully addressing his claim that his sentencing counsel's failure to investigate and subpoena relevant records was unconstitutionally ineffective. After careful review, we affirm.[2]

We review de novo whether a district court violated *Clisby* by failing to address a claim. *Dupree v. Warden*, 715 F.3d 1295, 1299–1300 (11th Cir. 2013). In *Clisby*, we directed district courts to resolve all claims for relief raised in a habeas petition, regardless of whether habeas relief is granted or denied. 960 F.2d at 935–36. Under *Clisby*, this court's only role is to determine whether the district court failed to address a claim, not whether the underlying claim is

_____

[1] We liberally construe pro se filings, including pro se applications for relief under § 2255. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).

[2] Burke's brief addresses several issues that we did not grant a certificate of appealability (COA) for. Thus, we need not address those issues as they are beyond the scope of the COA. *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (per curiam) ("[I]n an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA.").

meritorious. *Dupree*, 715 F.3d at 1299. A habeas petitioner must present a claim in clear and simple language such that the district court may not misunderstand it. *Id.*

In his § 2255 motion, Burke argued that if not for his counsel's ineffectiveness, he could have shown that a co-conspirator had acquired a mortgage before she met Burke. In its order § 2255 motion, the district court explicitly addressed this claim and concluded that Burke had failed to show prejudice. *See Clisby*, 960 F.2d at 935–36. Thus, there was no *Clisby* error.[3]

**AFFIRMED.**

---

[3] Burke argues that the district court erred in not finding prejudice because his counsel failed to obtain documents about his co-conspirator paying off her mortgage. But he does not argue that the district court erred in not considering that specific claim. Even if he did make that argument, Burke did not adequately present that claim in his § 2255 motion such that the district court could not misunderstand it. *See Barritt v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1246, 1251 (11th Cir. 2020).