**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10589

Non-Argument Calendar

_____

MANUEL EMILIO ALVAREZ HERNANDEZ,

a.k.a. Manuel Alvarez-Hernandez,

*Petitioner-Appellant,*

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-24059-WPD

_____

Before ROSENBAUM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Manuel Alvarez-Hernandez, a state prisoner represented by counsel on appeal, appeals the district court's denial of his *pro se* 28

U.S.C. § 2254 habeas corpus petition.  We granted a certificate of appealability as to whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*), by failing to address his claim of ineffective assistance of counsel for failure to properly advise him about a potential plea offer.  After careful review, we see no violation of *Clisby*, so we affirm.

## I.

In June 2017, Alvarez-Hernandez was charged by information with attempted second-degree murder, aggravated assault with a weapon, and aggravated battery with great bodily harm.  At defense counsel's request, the court ordered a competency evaluation, and Alvarez-Hernandez was found to be competent.  Based on the evaluation, the trial court determined he was competent to stand trial in August 2017.

The record shows that, before trial, the trial court questioned Alvarez-Hernandez under oath about various plea offers on April 4, 2019; September 19, 2019; and October 1, 2019.  The state made multiple offers, first for seven years of imprisonment and then for eleven years of imprisonment.  In addition, it appears the trial court twice made a "court offer" of six years of imprisonment plus five years of reporting probation.  On each occasion, Alvarez-Hernandez rejected the offers and said he wished to go to trial.  The record indicates that Alvarez-Hernandez had discussed the offers with counsel, both inside and outside court, most notably in September 2019.

When Alvarez-Hernandez went to trial, a jury found him guilty on all three counts. He was sentenced to a total of 25 years' imprisonment, and his convictions and sentence were affirmed on appeal.

Alvarez-Hernandez then moved *pro se* for post-conviction relief under Fla. R. Crim. P. 3.850, alleging ineffective assistance of counsel during plea negotiations. He argued that counsel was ineffective for failing to raise his competency with the court during the plea colloquies, or to ensure he had a rational understanding of the state's case and his likelihood of success at trial.

The state trial court denied the motion in April 2022. The court found that Alvarez-Hernandez could not satisfy either prong of *Strickland v. Washington*, 488 U.S. 668 (1984), given the prior competency evaluations and Alvarez-Hernandez's conduct during the case. The court found that he was "fully engaged in the process" of plea negotiations, that he discussed important matters about the plea offers with his attorney, and that, after acknowledging he understood the proceedings, he "made an independent decision to go to trial." The court also determined that Alvarez-Hernandez could not show prejudice, finding no evidence that he was incompetent or did not understand important matters relating to his evaluation of the plea offers. The state appellate court affirmed in September 2023. *Alvarez-Hernandez v. State*, 386 So. 3d 1006 (Fla. Dist. Ct. App. 2023).

Alvarez-Hernandez then filed *pro se* the instant § 2254 petition for a writ of habeas corpus in federal district court. In "Ground

Three" of the petition, he alleged that he was denied the "Effective Assistance of Counsel During Plea Negotiation Process." He asserted that he has a history of mental-health issues and had attempted suicide while awaiting trial on September 17, 2019, two days before the plea colloquy on September 19, 2019. Alvarez-Hernandez further argued that, because of his mental-health issues, he did not have a rational understanding of the case against him or the consequences of not accepting the plea offer. He argued that counsel was ineffective for failing to raise his competency with the court during the plea colloquies, or to ensure he had a rational understanding of the state's case and his likelihood of success at trial.

The district court denied the § 2254 petition in full. As to Ground Three, the court concluded that "Alvarez-Hernandez's conclusory allegations of ineffective assistance of counsel are insufficient upon which to base any relief." The court noted that, in 2017, Alvarez-Hernandez was evaluated by a physician and found to be competent, and his "trial counsel said he is probably OK based on conversations between the two." So in the court's view, "there were no sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt his competency anymore." The court denied a certificate of appealability ("COA"), and Alvarez-Hernandez timely appealed.

On appeal, we granted a COA on whether the district court violated the rule of our decision in *Clisby*, which requires courts to fully resolve all claims raised in a habeas petition. *See* 960 F.2d at 935–36. We appointed counsel for the appeal.

**II.**

We review *de novo* the legal question of whether the district court violated the rule in *Clisby* by failing to address a claim. *Dupree v. Warden*, 715 F.3d 1295, 1298–99 (11th Cir. 2013).

In *Clisby*, we held that district courts must "resolve all claims for relief raised" in a § 2254 habeas petition. *Clisby*, 960 F.2d at 936. A "claim for relief" means "any allegation of a constitutional violation." *Id.* When a district court fails to address all claims presented in a § 2254 petition, we will vacate the judgment without prejudice and remand for further consideration of any unresolved claims. *Id.* at 937–38.

No *Clisby* error occurs, however, when the habeas petitioner fails to present the claim clearly to the district court as an independent claim. *Barritt v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1246, 1251-52 (11th Cir. 2020). The petitioner "must present a claim in clear and simple language such that the district court may not misunderstand it." *Dupree*, 715 F.3d at 1299. Nonetheless, we liberally construe documents written by *pro se* parties. *Id.*

In *Dupree*, for example, we concluded that a *pro se* litigant had adequately presented his ineffective-assistance claim when, in an attached memorandum, he wrote that his attorney "also failed to go into detail as to exactly what it was that Dupree failed to understand about the plea agreement. Instead he allowed Dupree, in his inexperience, and under a state of duress to testify on his own behalf." *Id.* In contrast, in *Barritt*, we found that a passing reference to coercion in an ineffective-assistance claim was not sufficient to

raise an independent coercion claim for *Clisby* purposes.  968 F.3d at 1251.  We noted that the petitioner's references to coercion were in support of an ineffective-assistance claim based on the failure to advise of a prosecutorial vindictiveness defense, and that "the district court *did* fully address that claim, when it determined that there was no prosecutorial vindictiveness."  *Id.*  Thus, the court "addressed each of Barritt's claims that were actually presented." *Id.* at 1252.

Through counsel on appeal, Alvarez-Hernandez contends that the district court committed a *Clisby* error because it failed to address whether counsel was ineffective by not adequately advising him about potential plea offers.  He asserts that he sufficiently raised this claim in his § 2254 petition, and that the court only addressed whether counsel was ineffective for not questioning his competency at the September 2019 plea colloquy.

Here, the district court did not violate the rule of *Clisby*. Even liberally construed, Alvarez-Hernandez's § 2254 petition did not clearly raise an independent ineffective-assistance claim based on counsel's failure to adequately advise him about the plea offers. Nothing in his petition suggests that counsel provided deficient advice in relation to the plea offers, including the court offer on September 19, 2019.

Rather, Alvarez-Hernandez alleged that, "because of his mental health issues, he did not have an understanding of the essence of the State's case and the consequences of not accepting the [c]ourt's plea offer."  *See Noetzel v. State*, 328 So. 3d 933, 945–46 (Fla.

2021) (explaining that "the standard for competence to stand trial" is "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him").  And he noted that, at the September 2019 hearing, there were "never any question(s) by defense counsel and/or the Court concerning his mental health status despite the fact that the Court had the deputies retrieve him from the mental health floor of the jail."  In other words, his claim that he was denied "[e]ffective [a]ssistance of counsel [d]uring [p]lea [n]egotiation [p]rocess" hinged entirely on his competency at the September 2019 hearing and counsel's failure to take some action in relation to his alleged incompetency.

Thus, as in *Barritt*, "the district court *did* fully address that claim," *see Barritt*, 968 F.3d at 1251, when it determined that "there were no sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt his competency" following the evaluations that found him competent to stand trial.  As a result, the district court addressed the claims "that were actually presented."  *Id*.  Whether the court properly denied those claims on the merits falls outside the scope of the COA.

For these reasons, Alvarez-Hernandez has not established a *Clisby* violation.  We affirm.

**AFFIRMED.**